(No. 34959.—

MEINHARDT CARTAGE COMPANY, Appellee, *vs.* ILLINOIS COMMERCE COMMISSION, Appellant.

*Opinion filed January 23, 1959.*

LATHAM CASTLE, Attorney General, of Springfield, and HARRY R. BEGLEY, of Chicago, (WILLIAM J. SHERIDAN, JR., of counsel,) for appellant.

MACK STEPHENSON, of Springfield, (SAM SCHNEIDMAN, of Quincy, and MELVIN N. ROUTMAN, of Springfield, of counsel,) for appellee.

JOHN P. MEYER and CHARLES R. YOUNG, both of Danville, *amici curiae*.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Adams County setting aside an order of the Illinois Commerce Commission which established minimum rates and charges for common carriers of property by motor vehicle in Illinois.

This action originated with the filing of a petition by the Illinois Intra-State Motor Carrier Rate and Tariff Bureau, Inc., an organization of approximately 800 carriers of freight by motor truck. The bureau asked the Commission to initiate an investigation into all rates and practices of motor carriers, with certain exceptions, and to prescribe reasonable compensatory minimum lawful rates and charges, rules, regulations, classifications and practices. After the petition had been filed, numerous motions were filed by shippers, freight bureaus and chambers of commerce to dismiss the petition, and other interested parties filed petitions to intervene.

Oral arguments were had before the full Commission on the question of instituting the investigation. The Com-

mission decided in the affirmative. The order directing the investigation, together with notices of the dates and places of the hearings were served by registered mail upon approximately 6,100 motor vehicle common carriers. In addition, the order and hearing dates were made available to the public by posting in the Commission's offices at Springfield and Chicago, by service upon various shipper organizations, chambers of commerce and individual shippers and also by press release.

During the course of the hearings, the parties agreed that the first phase of the investigation would be limited to the rates, rules and regulations applicable to class rated traffic, exceptions thereto, and commodity rates under 5,000 pounds. All other matters involved in the investigation were continued. Voluminous evidence was submitted by rate and motor carrier associations, individual motor carriers, shipper organizations, individual shippers and representatives of the railroads on this limited phase of the investigation. At the conclusion of these hearings, proposed findings and conclusions were submitted by various parties. Thereafter, the examiner submitted his proposed order to which exceptions were later filed. The matter was argued orally for two full days before the Commission sitting *en banc*. The Commission then issued the minimum rate order which is the subject of this appeal.

Meinhardt Cartage Company, thereafter, filed its petition for rehearing complaining of finding No. 7 of the order in which the Commission had decided "that this order shall not apply to shipments moving on railroad bills of lading whether such shipments are moved by what is known as 'substituted motor vehicle service' or, is transported partially by rail and partially by motor vehicle." Meinhardt alleged in substance that it would lose its entire business from Quincy to Chicago on shipments weighing less than 5,000 pounds to the Burlington Truck Lines, Inc.,

which is exempted from the minimum rate order by finding 7. It prayed that the commission reconsider the finding and strike the word "not" therefrom.

In considering the petition, the commission found that the matter raised by Meinhardt has been made the subject of a separate investigation instituted upon the. Commission's own motion, that Meinhardt has made an application to continue all of its commodity rates under 5,000 pounds which rates will be continued as in the past, that under the terms of the minimum rate order Meinhardt may file a separate petition for any change or modification in the class rates as might be justified by the particular circumstances involved in its operations, and that the competition specified in the petition does not justify the reopening of the entire minimum rate investigation. Based on these findings, the Commission denied the petition. Meinhardt then appealed to the circuit court of Adams County.

After the appeal had been argued, the circuit court rendered a memorandum opinion and four days later entered its order voiding the minimum rate order. The court was of the opinion that finding 7 was a mere conclusion and, therefore, insufficient to enable it to review the finding. Having held that part of the order was void, the court set aside the entire rate order.

The Commission contends that section 65 of the Public Utilities Act (Ill. Rev. Stat. 1957, chap. 111⅔, par. 69,) which is adopted by section 25 of the Illinois Motor Carrier of Property Act (Ill. Rev. Stat. 1957, chap. 95½, par. 282.25,) only requires that the Commission make findings of ultimate facts and that finding 7 is an ultimate fact; that finding 7 is based upon facts in the evidence and therefore cannot be considered a mere conclusion; and that the lack of subsidiary findings was not raised by the petition for rehearing and thus the point cannot be urged on appeal. A brief was filed by *amici curiae* arguing essen-

tially the Commission's points. The issues of this appeal are: (1) whether Meinhardt may raise the question of the lack of findings subsidiary to finding 7; (2) whether finding 7 has to be supported by subsidiary findings; and (3) whether finding 7 is in fact unsupported by subsidiary findings.

We consider first whether Meinhardt is in a position to argue that finding 7 is a mere conclusion unsupported by subsidiary findings, since a determination against it on this point will prevent us from considering the other two issues. In its petition for rehearing Meinhardt complained that the rate order would cause it to lose shipments weighing less than 5,000 pounds to the Burlington Truck Lines, Inc., because this truck line would be governed by railroad rates rather than the truck rates and that the Commission has no power to descriminate in the prescription of rates between modes of transportation. It then prayed that the word "not" be eliminated from finding 7. If the Commission had granted the exact request of the petition, finding 7 would have remained unchanged with respect to preliminary recitations to support it. Thus, it is clear that the petition for rehearing in no way indicated that preliminary findings were necessary to support finding 7.

It is the policy of the law to require a petition for rehearing, since it is more expeditious than an appeal. Hence, errors can be remedied by the Commission while it has full control of the matter and no appeal may be necessary. To insure that any and all objections to a Commission's order are presented to the Commission in the first instance, section 67 of the Public Utilities Act (Ill. Rev. Stat. 1957, chap 111⅔, par. 71,) bars any objection on appeal that was not raised in the petition for rehearing. It is not the purpose of a petition for rehearing to seek a reconsideration of the entire proceeding, but it is to point out and have corrected mistakes of law or of fact, or both, which it is claimed the Commission has made in reaching its

determination. Thus, a party complaining of the Commission's determination on any point must specify wherein the Commission erred so that it will have an opportunity to correct that which is alleged to be incorrect. In *City of Granite City* v. *Commerce Com.* 407 Ill. 245, we held that section 67 of the Public Utilities Act (Ill. Rev. Stat. 1957, chap. 111⅔, par. 71,) requires the allegations in the petition for rehearing to be sufficiently specific to apprise the Commission and opposing parties of the actual points relied upon.

This case illustrates the soundness of the rule requiring a dissatisfied party to seek a rehearing and specify wherein the order of the Commission is erroneous before an appeal is prosecuted. The rate order was the product of several months work, it affects thousands of persons and is a first attempt to establish some stability in an area of our economy fraught with rate problems. All of this will go for naught, if, as Meinhardt contends, finding 7 requires preliminary findings and none are made. There is nothing to indicate that, if the contention had first been presented to the Commission, it could not have made the preliminary findings if they are necessary. On the contrary, the Commission and the *amici curae* both assert there was ample evidence in the record to support finding 7 and the Commission could have easily corrected the matter if it had been pointed out in the petition for rehearing. Before this or any court may consider the contention it must first have been presented to the Commission.

Since Meinhardt did not allege in its petition for rehearing the error it now argues, we will not consider it and the circuit court erred in considering it. The order of the circuit court of Adams County is reversed and the order of the Illinois Commerce Commission is confirmed.

*Circuit court reversed;*
*order of Commission confirmed.*