(No. 36854.—

SCHERER FREIGHT LINES, INC., *et al.,* Appellants, *vs.* ILLI-NOIS COMMERCE COMMISSION AND HOLLAND CARTAGE CO., Appellees.—LIBERTY TRUCKING COMPANY, INC., *et al.,* Appellants, *vs.* SAME, Appellees.

*Opinion filed March 23, 1962.*

AXELROD, GOODMAN & STEINER, of Chicago, and BERRY & SIMMONS, and CHELLIS E. BELLEW, both of Rockford, (DAVID AXELROD, JAMES BERRY, and EDWARD G. BAZELON, of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (EDWARD V. HANRAHAN, Special Assistant Attorney General, of counsel,) for appellee Illinois Commerce Commission; THOMAS M. DALY, of Chicago, for appellee Holland Cartage Co.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

This case involves consolidated appeals from an order of the circuit court of Winnebago County dismissing appeals from an order of the Illinois Commerce Commission. We have jurisdiction on direct appeal under section 69 of the Public Utilities Act. Ill. Rev. Stat. 1959, chap. 111⅔, par. 73.

The only issue is a narrow procedural question, and the facts necessary to an understanding of the problem are undisputed. On November 5, 1958, Holland Cartage Company filed an application with the Illinois Commerce Commission for an extension of its operating authority under the Illinois Motor Carrier of Property Act. A number of other trucking companies, including the present plaintiffs, appeared before the Commission in opposition to the application. After a series of hearings, the Commission, by order entered July 30, 1959, ordered that the application be granted and that Holland Cartage Company be issued a certificate of convenience and necessity authorizing certain transportation operations therein set forth.

Plaintiffs filed applications for a rehearing of the Commission's order of July 30, 1959. The Commission granted a rehearing. Upon the rehearing, the applicant presented additional evidence in support of the application, and the case was argued orally before the full Commission. The objec-

tors did not produce additional evidence, although they had an opportunity to do so. On December 20, 1960, the Commission entered an order headed "Re-affirming Order of July 30, 1959, on Re-hearing." This order recited, among other things, that, on the reopening of the case, the applicant had offered additional evidence, and that the commission had given consideration to the entire record. The ordering portion of the order of December 20, 1960, reaffirmed the previous order of July 30, 1959, and the authority granted was identical with that of the previous order.

Thereafter, the plaintiffs filed statutory appeals in the circuit court, seeking review of the Commission's order of December 20, 1960. Both the Commission and the Holland Cartage Company filed motions to dismiss on the ground that plaintiffs had not applied for a rehearing of the Commission's order of December 20, 1960, and therefore had no right to appeal from the order. The court sustained the motions and dismissed the appeals. The present appeal is from the order of dismissal.

Appeals from orders of the Illinois Commerce Commission are purely statutory and must be prosecuted in accordance with the requirements of the statute. (*Alton Railroad Co.* v. *Commerce Com.* 407 Ill. 202, 206.) The pertinent statutory provisions are in sections 67 and 68 of the Public Utilities Act (Ill. Rev. Stat. 1959, chap. 111⅔, pars. 71, 72), which are incorporated by reference in the Illinois Motor Carrier of Property Act. Ill. Rev. Stat. 1959, chap. 95½, par. 282.25.

Section 67 of the Public Utilities Act (Ill. Rev. Stat. 1959, chap. 111⅔, par. 71) makes provision for applying for a rehearing from orders of the Commission and states: "No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and acted upon by the Commission. No person or corporation in any appeal shall urge or rely upon any grounds not

set forth in such application for a rehearing before the Commission." The section authorizes the Commission, upon rehearing, to rescind, alter or amend its order and provides that "A rule, regulation, order or decision made after such rehearing, rescinding, altering or amending the original rule, regulation, order or decision shall have the same force and effect as an original rule, regulation, order or decision, * * *." The section concludes with the sentence: "Only one rehearing shall be granted by the Commission; but this shall not be construed to prevent any party from filing a petition setting up a new and different state of facts after two years, and invoking the action of the Commission thereon."

Section 68 (Ill. Rev. Stat. 1959, chap. 111⅔, par. 72) provides that an appeal may be taken to the circuit court within "thirty days after the service of any order or decision of the Commission refusing an application for a rehearing of any rule, regulation, order or decision of the Commission, or within thirty days after the service of any final order or decision of the Commission upon and after a rehearing of any rule, regulation, order or decision of the Commission."

In two earlier cases we held that an appeal from an order entered by the Illinois Commerce Commission following a rehearing should be dismissed because of failure to apply for a rehearing of the new order. (*City of Edwardsville* v. *Commerce Com.* 412 Ill. 34; *Alton Railroad Co.* v. *Commerce Com.* 407 Ill. 202.) In each of these cases, however, the order entered after the rehearing substantially modified the first order and thus clearly, as provided in section 67, had the effect of an original order to which an application for rehearing must be made as a condition precedent to an appeal. In the present case, the second order reaffirms the first order in all material particulars; it is, however, based, at least in part, upon new evidence submitted since the entry of the first order. The question of whether, under these circumstances, an application for rehearing of the

second order is a condition precedent to an appeal to the circuit court has not previously been before us.

Each of the parties emphasizes those portions of the statute which tend to support its position, while ignoring or minimizing statutory language which suggests a contrary result. Thus the Commission and the applicant stress that part of section 67 which provides that no appeal shall be allowed from any order of the Commission unless an application for rehearing thereof has first been filed with and acted upon by the Commission, and that no person in any appeal shall rely upon any grounds not set forth in such application for rehearing. They also rely upon language in certain of our opinions emphasizing the necessity of an application for rehearing as a condition to an appeal. *Meinhardt Cartage Co.* v. *Commerce Com.* 15 Ill.2d 546, 550-551; *City of Edwardsville* v. *Commerce Com.* 412 Ill. 34, 37; *Alton Railroad Co.* v. *Commerce Com.* 407 Ill. 202, 208.

Plaintiffs, on the other hand, stress the sentence in section 67 to the effect that an order made after a rehearing altering the original order shall be treated as an original order, and argue inferentially that an order reaffirming the original order is, in effect, the same order, and that it is not necessary to file a new application for rehearing. They also point to the provision that only one rehearing may be granted by the Commission and argue that the filing of an application for rehearing of the second order would be a futile act. Plaintiffs also point out that section 67 clearly contemplates that an appeal may be taken not only from an order denying a rehearing but also from a final order of the Commission after a rehearing, and contend that the second order is such a final order.

We believe that these statutory provisions must be construed together in the light of their underlying purpose, and that, when so viewed, their application to the present case becomes clear. The requirement of an application for re-

hearing as a condition to an appeal and the limitation that no person on appeal shall rely on any ground not set forth in such application for rehearing clearly disclose the underlying policy that any person aggrieved by a decision of the Commission must first give the Commission an opportunity to correct its alleged errors before resorting to the courts. (*Cf. Meinhardt Cartage Co.* v. *Commerce Com.* 15 Ill.2d 546, 550-1.) The question is whether the requirements of this basic policy have been satisfied in this case.

The applications for rehearing of the first order were based in substance upon the claim that the decision of the Commission was against the manifest weight of the evidence. This is also the basis of the attempted appeals to the circuit court. It is obvious, however, that an application for rehearing on the ground that the first order was against the manifest weight of the evidence does not reach the question of the sufficiency of the evidence to support the second order, since that order was not based upon the same evidence as the first order but was based in part upon additional evidence adduced since the entry of the first order. Since no application for rehearing of the second order was filed, the Commission has not had an opportunity to consider the contention that this order is against the manifest weight of the evidence and to correct any error in this regard. Thus, the requirements of the statute have not been fulfilled. Although the second order is entitled a "reaffirming" order and its ordering portion is substantially the same as the first order, it recites that it is based upon the entire record, including evidence not before the Commission when the first order was entered. It is, therefore, at least as regards questions of the sufficiency of the evidence, a new and different order, and an application for a rehearing of the new order was a condition precedent to an appeal to the circuit court. The circuit court, therefore, correctly dismissed the appeals.

The order of the circuit court of Winnebago County is affirmed. *Order affirmed.*