CLEAN AIR COORDINATING COMMITTEE, Complainant-Respondent, *v.* ENVIRONMENTAL PROTECTION AGENCY, Respondent-Petitioner.

First District (3rd Division)   Nos. 61489, 61518 cons.

Opinion filed September 7, 1976.

McGLOON, J., specially concurring.

Kathryn S. Nesburg, of Maywood, for petitioner.

Richard M. Kates, of Chicago, for respondent.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court.

Respondent, Environmental Protection Agency (EPA) has petitioned this court for direct review of the opinion and order adopted on January 9, 1975, by the Illinois Pollution Control Board (Board), which is an appeal pursuant to section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1973, ch. 111½, par. 1041) and Supreme Court Rule 335 (Ill. Rev. Stat. 1973, ch. 110A, par. 335). Complainant, Clean Air Coordinating Committee (CACC), filed a motion to dismiss the appeal for lack of jurisdiction. The motion was taken with the case.

We dismiss the petition for review. The pertinent facts follow.

CACC filed an amended complaint before the Board against respondent EPA and its director, Richard Briceland, charging violation of Rules 403, 406 and 407 of the Air Pollution Control Regulations on four specified dates in 1974 regarding ozone. The amended complaint requested an order that the EPA and its director cease and desist from further violations of such rules, and also that if the Board found the director's violation was wilful, he be fined. A hearing was held October 1, 1974. On January 9, 1975, the Board adopted an opinion and order reciting *inter alia* that EPA violated Rules 403 and 406 on August 9, 1974, by failing to call an ozone watch and that no violations were found as to the charges of July 24 or 26 or August 8, 1974. It concluded by ordering EPA to immediately cease and desist from violation of Rules 403 and 406.

On February 5, 1975, EPA filed a motion with the Board to reconsider its opinion and order of January 9 and to find that EPA did not violate the regulations on August 9, 1974. CACC filed a response to the motion of EPA and also filed a motion for reconsideration and clarification of the January 9 opinion and order, further requesting that the Board find a violation on each of the four dates as charged. While the motions were pending and undetermined, EPA on February 13, 1975, filed with this court the instant petition for review of the opinion and order adopted by the Board on January 9, 1975. Thereafter, on February 14, 1975, the Board adopted a further opinion and order which recited *inter alia*: "Therefore, although we do not disturb our basic finding that the Environmental Protection Agency did violate the Regulation, we will amplify somewhat on the opinion." The latter opinion and order concluded by ordering that the motions of respondent EPA and of the complainant CACC each be denied.

CACC filed a motion to dismiss the instant appeal for lack of jurisdiction to which EPA filed a response. The motion was taken with the petition for review.

Complainant CACC, as grounds for its motion to dismiss this appeal, contends that the January 9 opinion and order is not a final appealable order. EPA contends that the January 9 opinion and order is final and appealable in that the Board's Procedural Rule 334 provides an indefinite time to apply for an administrative rehearing before the Board, and that the motions for reconsideration instituted a new proceeding and that the February opinion and order constituted a new and independent administrative decision, as provided in section 1 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264).

Procedural Rule 334 of the Board provides in pertinent part:

"Within 35 days after the entry of a final order and within such further time as the Board may allow, any party may file a motion for rehearing or modification of the order, or to vacate the order or for other relief. * * * A motion filed in apt time stays enforcement thereon and the time for appeal from such order does not begin until the Board rules upon the motion."

Section 1 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264), which is specifically applicable to direct review of agency orders under Supreme Court Rule 335(h)(2) (Ill. Rev. Stat. 1973, ch. 110A, par. 335(h)(2)), provides in part:

" 'Administrative decision' or 'decision' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency. In all cases in which a statute or a rule of the

administrative agency requires or permits an application for a rehearing or other method of administrative review to be filed within a specified time (as distinguished from a statute which permits the application for rehearing or administrative review to be filed at any time before judgment by the Administrative Agency against the applicant or within a specified time after the entry of such judgment), and an application for such rehearing or review is made, no administrative decision of such agency shall be final as to the party applying therefor until such rehearing or review is had or denied. However, if the particular statute permits an application for rehearing or other method of administrative review to be filed with the administrative agency for an indefinite period of time after the administrative decision has been rendered (such as permitting such application to be filed at any time before judgment by the administrative agency against the applicant or within a specified time after the entry of such judgment), then the authorization for the filing of such application for rehearing or review shall not postpone the time when the administrative decision as to which such application shall be filed would otherwise become final, but the filing of the application for rehearing or review with the administrative agency in this type of case shall constitute the commencement of a new proceeding before such agency, and the decision rendered in order to dispose of such rehearing or other review proceeding shall constitute a new and independent administrative decision."

■■ In the instant case, there is no statute which prescribes a time for rehearing or administrative review of the decision. Instead, the time is governed by the above Procedural Rule 334. The express words "Within 35 days after the entry of a final order and within such further time as the Board may allow" must be considered together with the concluding sentence which provides that a motion filed in apt time stays enforcement. The words "within 35 days" are specific and must be accorded purpose and meaning. In this context, we construe the rule to require that a motion for rehearing or other relief must be made within 35 days of the order and within such extension as may be initiated within the original 35 days or any previously granted extensions. Such requirement is definite and specific. It does not permit an application for rehearing to be filed for an indefinite time. Consequently, the provisions of section 1 of the Administrative Review Act as to applications for rehearing permissible for an indefinite period are inapplicable to the case at bar.

EPA further argues that the February 14 opinion and order concerned only the motions for reconsideration, that it did restate several points in the previous decision but did not materially change that opinion. The

February decision amplified the Board's earlier decision which was incorporated by reference, reaffirmed the findings, and denied the motions for reconsideration and clarification.

■■ It must be noted that the Board is required by statute to file and publish a written opinion stating the facts and reasons leading to its decision. (Ill. Rev. Stat. 1973, ch. 111½, par. 1033; *Mystik Tape v. Pollution Control Board* (1973), 16 Ill. App. 3d 778, 306 N.E.2d 574.) The statutory mandate "* * * provides this court with data necessary to a complete and fair review of the administrative decision by the Board. Without such information, in matters of this type, a thorough and judicious review of the decision cannot be made. [Citation.]" (*Allied Metal Co. v. Pollution Control Board* (1974), 22 Ill. App. 3d 823, 833, 318 N.E.2d 257, 264.) The February 14 decision expanded upon the testimony, facts and reasons to support the earlier decision and must be held a material and substantive revision of the Board's earlier decision.

■■ Complainant CACC filed its motion for reconsideration and clarification and EPA filed its motion for reconsideration of the January 9 opinion and order, both within the initial 35 days specified in the Board's Procedural Rule 334 and within the apt time required by its terms. It is clear that the January 9 decision did not terminate the proceedings. Prior to a ruling on the pending motions, neither party could speculate as to the nature or scope of the subsequent order. Neither would this court then have the data necessary to a complete and fair review of the ultimate and final decision of the Board. Petitions for rehearing are more expeditious than an appeal and provide for appropriate action by the Board while it has full control of the proceedings. See *Meinhardt Cartage Co. v. Illinois Commerce Com.* (1959), 15 Ill. 2d 546, 155 N.E.2d 631.

The February 14 opinion and order terminated the proceedings and constituted the final, appealable order of the Board. Under Supreme Court Rule 335, the petition for review functions as a notice of appeal. (See Committee Comments to Rule 335 (Ill. Ann. Stat., ch. 110A, par. 335, Committee Comments, 1974 Supp. at 27 (Smith-Hurd 1968)).) The filing of the petition for review in this court on February 13 was premature and ineffective to serve as a notice of appeal as to the subsequently adopted opinion and order. (See *People v. Deaton* (1974), 16 Ill. App. 3d 748, 306 N.E.2d 695; *Hale v. Ault* (1974), 24 Ill. App. 3d 10, 321 N.E.2d 151.) Therefore, the appeal must be dismissed.

We have noted that the petition for review filed in this court does not name the Board as a respondent. (See section 8 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 271).) However, inasmuch as the appeal must be dismissed for the above reasons, we do not reach the question of the sufficiency of the petition.

Accordingly, the motion to dismiss the appeal is allowed and the appeal is dismissed.

Motion allowed; appeal dismissed.

McNAMARA, J., concurs.

Mr. JUSTICE McGLOON, specially concurring:
I concur in the majority's decision to dismiss the petition for review, but would do so on grounds the majority prefers not to discuss.

The various statutes and Supreme Court Rules governing petitions for review of Pollution Control Board decisions require, without exception, that the Board be a named respondent. Since the instant petition for review does not name the Board as a respondent, I would hold that the petition for review must be dismissed summarily without an examination of its contents.