ILLINOIS COMMERCE COMMISSION, Plaintiff-Appellant, *v.* HOLIDAY
UTILITIES CORPORATION, Defendant-Appellee.

Fifth District   No. 82—748

Opinion filed November 8, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Hercules F. Bolos, of Illinois Commerce Commission, Special Assistant Attorney General, and Thomas J. Russell, Assistant Attorney General, of counsel), for appellant.

Richard Shaikewitz and David O. Hesi, both of Wiseman, Shaikewitz, McGivern & Wahl, P.C., of Alton, for appellee.

JUSTICE JONES delivered the opinion of the court:

This appeal presents the issue, which we raise on our own motion, of whether the circuit court upon judicial review of an order of the Illinois Commerce Commission (hereinafter Commission) exceeded its subject matter jurisdiction in considering the merits of a question upon which the Commission had made no finding and had entered no order.

Following a hearing the Commission issued the order in question on December 6, 1978. According to the introductory statement in the order, the Consumer Assistance Section of the Commission had received numerous complaints concerning the billing practices of the respondent, Holiday Utilities Corporation, which had been granted a certificate of public convenience and necessity by the Commission in September of 1966 to construct, operate, and maintain a public water supply and system for distribution in Holiday Shores Subdivision. The subdivision is a private lake resort development located in Madison County consisting of approximately 1,300 acres, including a man-made lake of 345 acres. The consumer complaint with which we are concerned had to do with the respondent's demands that current cus-

tomers pay delinquent water charges incurred by their predecessors in title. In 1977 the Commission had granted a petition to intervene filed in behalf of Holishor Association, Inc., an Illinois not-for-profit corporation whose membership consists solely of owners of lots in the area served by the respondent. In its order of December 6, 1978, the Commission stated under the heading, "Assertions Proposed to and Conclusions Drawn by the Commission":

"Respondent contends that it is obliged to provide water service to anyone within said subdivision despite the absence of a specific application. The Company asserts that while an application is useful it regards the sale contract as an application. The Company supports this position stating that certain covenants dealing with the Holiday Shores Subdivision were made a part of the sale contract when lots in the subdivision were purchased and provided in part 'the purchaser contracts and agrees to pay a minimum water use charge not to exceed $12.50 per quarter and/or such water use charges as may be set and/or approved by the Illinois Commerce Commission.' Respondent claims that such a covenant runs with the real estate and is binding upon grantees of the original purchaser.

* * *

The Commission is also of the opinion that any contract or property rights inconsistant [sic] with its filed tariffs, arising out of the said purchase agreements, for lots in the subdivision, between the development company and the property owners which may inure to or devolve upon Respondent should be adjudicated by an appropriate circuit court."

Concerning respondent's practice of denying water service to new customers on the basis of unpaid bills of prior owners, the Commission found, on page four of the order, as follows:

"(12) Respondent had no authority under its tariffs or the rules and regulations of this Commission to deny water service to a new customer because the prior owners of the property had not paid water bills and such practice of Respondent is unjust, unreasonable and contrary to its filed tariffs."

The Commission thereupon ordered that the respondent "immediately cease, desist and refrain from charging, collecting or demanding payments from customers not authorized by its tariffs as set forth in [certain] findings [including Finding 12 thereof] ***."

The respondent appealed the Commission's order to the circuit court. On June 28, 1982, a memorandum and judgment of the court was filed in which the court found in pertinent part:

"3. The order of the Illinois Commerce Commission is unlawful to the extent that it purports to prevent the Utility from enforcing liens which accrued from non-payment of lawful water service charges. (Consistent, of course, with the court's finding regarding available for use charges, so that no lien could result from the failure to pay such a charge if a separate application had not been signed.) All of the lots in the subdivision are subject to covenants which provide for such liens. These liens run with the land and are enforceable against subsequent owners. This has long been the law in Illinois, and counsel for the Commission has not provided any authority to the contrary."

The court affirmed in part and reversed in part the order of the Commission, saying with respect to its partial reversal of the order: "Specifically, said order is reversed as to the findings set forth on page 4, paragraph (12), consistent with the findings in this Judgment."

Thereafter, on August 16, 1982, the Commission filed a petition for relief from final order, pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). In its petition the Commission alleged as grounds for relief that prior to a telephone conversation on August 2, 1982, between respondent's president and, apparently, an agent of the Commission, neither the Commission nor its counsel had received notice of the entry of judgment on June 28, 1982. The Commission further alleged great prejudice occasioned by the entry of the judgment and a meritorious defense to it and sought to have the judgment entered on June 28, 1982, vacated. Upon a hearing on the petition the Commission put on no evidence. The circuit court concluded, because of the Commission's failure to rebut the presumption that notice was given, that the court lacked jurisdiction to grant the relief the Commission requested and denied the petition for post-judgment relief. The Commission has appealed the order denying such relief raising three issues: (1) whether the circuit court abused its discretion by denying the petition for relief from final order; (2) whether the circuit court erred by reversing the order of the Commission in part; and (3) whether the circuit court erred by denying the Commission's motion to dismiss as moot the respondent's appeal of the Commission's order. However, because of the disposition we make in the case we do not address the merits of the appeal.

Appeals from orders of the Illinois Commerce Commission are purely statutory. (*Scherer Freight Lines, Inc. v. Illinois Commerce Com.* (1962), 24 Ill. 2d 359, 181 N.E.2d 134; *Private Tele-Communications, Inc. v. Illinois Bell Telephone Co.* (1975), 31 Ill. App. 3d

887, 335 N.E.2d 110.) Authority to review is derived from section 68 of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 72), which provides for appeal to the circuit court "for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision [of the Commission] inquired into and determined." Upon an appeal from an order of the Commission the circuit court is restricted in the exercise of its powers, including the orders it may enter, to those expressly delegated by statute. (*Thompson v. Illinois Commerce Com.* (1953), 1 Ill. 2d 350, 115 N.E.2d 622.) The only issue presented to the circuit court is the reasonableness and lawfulness of the Commission's order, upon which the court's inquiry is confined to the jurisdiction of the Commission, the sufficiency of the evidence, and the preservation of constitutional rights. (*Thompson.*) Under section 68 the circuit court to which an appeal from an order of the Commission is taken must decide solely upon the record certified by the Commission. (*Barry v. Commonwealth Edison Co.* (1940), 374 Ill. 473, 29 N.E.2d 1014.) If the order of the Commission is lawful and reasonable it must be confirmed; if it is not, it must be set aside. *Thompson.*

■ In the case at bar the Commission stated in its order that an appropriate circuit court should adjudicate any contract or property rights, inconsistent with the respondent's filed tariffs, claimed to arise out of the purchase agreements for lots in the subdivision and to inure to the benefit of the respondent. The Commission, having declined to adjudicate the matter—and we do not consider whether the Commission would have had jurisdiction to adjudicate such a matter, made neither a finding nor a ruling as to whether the lots of the subdivision were, as the circuit court found, subject to covenants running with the land and enforceable against subsequent owners. The Commission's finding in paragraph 12, reversed by the circuit court, addressed the respondent's lack of authority under its tariffs to deny water service to a new customer on the basis of the delinquency, in paying respondent, of prior owners of the property. The order of the Commission was, likewise, phrased in terms of respondent's cessation from demanding payments unauthorized by its tariffs. The finding and the order with respect to it do not even refer to a lien or a covenant running with the land. Certainly, the finding and order do not deny the existence of such covenants. Thus, on the face of the record certified by the Commission the circuit court, upon judicial review of the Commission's order, considered the merits of a question that was plainly outside the scope of the Commission's order.

■ Undoubtedly the circuit court, by virtue of its power of general original jurisdiction pursuant to section 9 of article VI of the

Constitution of the State of Illinois (Ill. Const. 1970, art. VI, sec. 9), could have adjudicated the question of whether such a covenant runs with the land in question, had the question been presented to the circuit court in an appropriate action. Here, however, the circuit court had powers no broader than section 68 confers and, therefore, had the power merely to determine the reasonableness and lawfulness of the order of the Commission, which had made no finding and had entered no order concerning the running of a covenant with the land. The issue the circuit court decided in reversing the Commission's order in part had not been ruled upon by the Commission, was not addressed by the respondent's petition for rehearing, and was not implied in the record filed by the Commission. Furthermore, the Commission had expressly excluded the issue from consideration. In ruling upon the issue of whether the lots in the subdivision were subject to a covenant running with the land, the circuit court did not—and could not—consider the lawfulness and reasonableness of an order of the Commission concerning that issue because the Commission's order embraced no such issue. In short, the issue the circuit court decided was not before it on appeal of the Commission's order. Insofar as the circuit court determined that the lots in the subdivision were subject to a covenant running with the land enforceable against subsequent owners and requiring reversal of the Commission's order as to Finding 12 at page four of the order, the circuit court exceeded its jurisdiction. Therefore, that part of the judgment of the circuit court reversing in part the Commission's order is void. That part of the judgment of the circuit court affirming, or confirming, the Commission's order, which we do not consider, becomes the entire judgment of the circuit court in its disposition of the respondent's appeal of the order of the Commission.

Judgment of June 28, 1982, vacated insofar as it reverses in part the order of the Commission of December 6, 1978.

HARRISON, P.J., and KARNS, J., concur.