2021 IL App (1st) 200870-U

THIRD DIVISION
May 26, 2021

No. 1-20-0870

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| GEORGE HIRMIZ, | ) | Appeal from an order of the |
| | ) | Illinois Commerce Commission. |
| Petitioner-Appellant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS COMMERCE COMMISSION and | ) | Docket No. 19-0914 |
| THE PEOPLES GAS, LIGHT & COKE CO., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

PRESIDING JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

ORDER

¶ 1    *Held*: The Illinois Commerce Commission's decision to reject the petitioner's claims and deny his petition for rehearing is affirmed. There was sufficient and substantial evidence introduced at the hearing to prove that the billing error made by Peoples Gas, Light and Coke Company, which overcharged petitioner, was corrected. Petitioner did not adequately rebut the Commission's initial finding, and petitioner fails to meet his burden on all the new issues he raises on appeal.

¶ 2    The petitioner is George Hirmiz, a customer of Peoples Gas, Light and Coke Company, a public utility. The respondents are Peoples Gas, Light and Coke Company and the Illinois

Commerce Commission. Hirmiz timely filed an appeal from the Commission's final decision and from the Commission's order denying his petition seeking rehearing, arguing that the Commission wrongly rejected his claims and wrongly denied his petition for rehearing when it lacked sufficient evidence to make a determination. For the following reasons, we affirm the decision of the Commission.

¶ 3                                  BACKGROUND

¶ 4      Hirmiz had a gas leak in his basement. Peoples Gas visited Hirmiz's residence and went into his basement five times within two months in order to check the leak. Following these visits, on September 14, 2018, Hirmiz received a gas bill from Peoples Gas in the amount of $239.37 for that month of September. Hirmiz called Peoples Gas to dispute the bill, complaining that it was too high. For the month of September in the years 2015, 2016, 2017, and 2019, Hirmiz's gas bill was on or around $50. In an effort to resolve the dispute, Peoples Gas assigned a Senior Account Specialist, Gricel Ramirez, to review Hirmiz's account.

¶ 5      For Peoples Gas, the standard response to billing complaints is to have a technician go to the customer's location and conduct an investigation. On September 26, 2018, Peoples Gas sent a technician to visit Hirmiz's residence and the technician determined that Hirmiz's gas bill for September 2018 was incorrect. The technician concluded that the error in price resulted from a faulty notation made by a prior technician when that technician changed the meter at Hirmiz's residence. Ultimately, Peoples Gas adjusted Hirmiz's gas bill from $239.37 to $86.55.

¶ 6      Despite the ongoing investigation into his bill, Hirmiz filed a complaint with the Illinois Commerce Commission on September 19, 2019, alleging that the gas bill he received for September 2018 was too high and that he was overcharged by Peoples Gas for his gas service that month. In response to Hirmiz's complaint, the Commission's administrative law judge

("ALJ") conducted an evidentiary hearing. The parties informed the ALJ about the amount of the initial September 2018 gas bill, the steps Peoples Gas took to determine whether there was an overcharge, and the amount of Hirmiz's corrected bill. Given this information, the ALJ issued a proposed order on May 12, 2020 recommending that the Commission reject Hirmiz's claims. Specifically, the ALJ found that the September 2018 gas bill was inaccurate, but that Peoples Gas had remedied the overcharges when it issued the corrected bill in the amount of $86.55. Additionally, Hirmiz did not dispute the corrected bill in his complaint with the Commission in any manner.

¶ 7     On June 30, 2020, the Commission adopted the ALJ's order. The Commission found that Hirmiz did not provide any evidence to show that the re-billing was inaccurate or that it was otherwise in violation of the Commission's rules or regulations. Therefore, according to the Commission, the amount that was charged in December 2018 sufficiently corrected the amount for which Hirmiz was overcharged in September 2018. Moreover, the Commission found that Hirmiz had not met his burden of proof and it rejected Hirmiz's claims.

¶ 8     Less than a month later, on July 13, 2020, Hirmiz filed a petition for rehearing indicating that he would be changing his complaint from concerning only the month of September 2018 to a challenge of all the charged amounts for all the months of the 2018 to 2019 billing cycle. Hirmiz also sought rehearing on unspecified "uncomforted damages" caused by multiple visits or "trespassing" by Peoples Gas. The ALJ recommended that the Commission deny Hirmiz's petition for rehearing on the grounds that (1) the petition attempted to relitigate the September 2018 bill and expand the scope of the original complaint; (2) the petition failed to explain what evidence Hirmiz planned to provide or a reason why such evidence was not previously provided; (3) it would be prejudicial to Peoples Gas to allow Hirmiz to amend the complaint; and (4) the

petition raised new trespassing charges contrary to the evidence showing Hirmiz invited Peoples Gas to his residence.

¶ 9    On July 29, 2020, the Commission denied Hirmiz's petition for rehearing. On August 27, 2020, this appeal was filed.

¶ 10                                ANALYSIS

¶ 11    Hirmiz argues that the Commission wrongly rejected his claims and wrongly denied his petition for rehearing because the evidence introduced in the original record was insufficient. Hirmiz contends that the Commission failed to receive all the material necessary to reach a fair decision. He alleges that the Commission, upon coming to its conclusion, was misled on the following grounds. First, he argues that the ALJ ignored or disregarded new evidence he attempted to introduce in his petition for rehearing such that the Commission did not have the entire record. Second, he argues that the billing errors at issue were never canceled or corrected, and third, that Peoples Gas technicians trespassed on and caused damage to his property. He further argues that there was collusion between the Commission and Peoples Gas and that there were additional materials that the ALJ added to the records on file that were not brought to his attention.

¶ 12    The parties dispute the standard of review. Hirmiz argues that the standard of review is *de novo* so deference should not be given to the Commission. The respondents argue that the standard of review is clear error. We find the appropriate standard of review in this case to be the clearly erroneous standard as the issue raised is a question of fact and deals with the sufficiency of the evidence. Under Section 10-201 of the Public Utilities Act, the findings and conclusions of the Commission on questions of fact shall be held *prima facie* true, and Commission orders are to be considered *prima facie* reasonable. 220 ILCS 5/10-201(d) (West 2018); *Wade v. Illinois*

*Commerce Comm'n*, 2017 IL App (1st) 171230, ¶ 12. To overturn a Commission's order, the party or parties appealing the decision have the burden of proof on all issues raised in the appeal and must overcome the presumption of reasonableness. *Id*. Because the Commission is an expert in the field of utility regulation, the court accords great deference to the Commission's decisions. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL App (1st) 150425, ¶ 18.

¶ 13    In reviewing the Commission's order, the court must not "put itself in the place of the Commission and conduct an independent investigation, nor should it substitute its judgment for that of the Commission." *City of Chicago v. Illinois Commerce Comm'n*, 264 Ill. App. 3d 403, 409 (1993). The court's review is limited to whether (1) the Commission acted within its authority; (2) the Commission made adequate findings to support its decision; (3) the Commission's decision is supported by substantial evidence; or (4) constitutional rights have been violated. 220 ILCS 5/10-201(e)(iv) (West 2018). Substantial evidence may support more than one possible finding. *Central Illinois Public Service Co. v. Illinois Commerce Comm'n*, 268 Ill. App. 3d 471, 479 (1994). Merely showing that the evidence presented can support a different conclusion than the one reached by the Commission is not sufficient. *Continental Mobile Telephone Co. v. Illinois Commerce Comm'n*, 269 Ill. App. 3d 161, 171 (1994). An appellant must affirmatively demonstrate that the conclusion opposite to the one reached by the Commission is "clearly evident." *Id.*

¶ 14    The sole issue raised in Hirmiz's original complaint concerned the disputed gas usage bill from September 2018. Upon receiving the complaint, Peoples Gas undertook an investigation into the bill, determining that the disputed bill was incorrect and then sending a corrected bill to Hirmiz in December 2018. The evidence demonstrated that, although Peoples Gas overcharged Hirmiz in the disputed bill, it corrected the charges in the corrected bill.

¶ 15    In response, Hirmiz argues that the errors in the September 2018 disputed bill were never cancelled. The Commission states that Hirmiz's argument, that the errors of the September 2018 gas usage bill were never cancelled, is directly contradicted and unsupported by the evidence. The corrected bill contained re-billed charges for Hirmiz's gas usage for the billing periods in September through December 2018. Peoples Gas argues it removed the disputed amount of $239.37 and properly charged Hirmiz for the 58 therms of gas he used during September 2018. The revised charge was $86.55. The evidence was substantial and it supports the Commission's finding that Peoples Gas corrected the billing error and rebilled Hirmiz for the proper amount.

¶ 16    Section 200.880(a) of the Illinois Administrative Code is one of the sections that governs petitions for rehearing. It reads, "[a]fter issuance of an order on the merits by the Commission, a party may file an application for rehearing. The application shall state the reasons therefore and shall contain a brief statement of proposed additional evidence, if any, and an explanation why such evidence was not previously adduced." 80 Ill. Admin. Code § 200.880(a) (West 2018). Further, under Illinois law, parties are not permitted to add new claims or relitigate undisputed facts in a case in a petition for rehearing. 220 ILCS 5/10-113 (West 2018). The purpose of a petition for rehearing is to point out and have corrected mistakes of law and/or fact that the petitioner is claiming the Commission has made in reaching its determination, not to seek a reconsideration of an entire proceeding. *Liberty Trucking Co. v. Illinois Commerce Comm'n*, 81 Ill. App. 3d. 466, 471 (1980); *Meinhardt Cartage Co. v. Illinois Commerce Comm'n*, 15 Ill. 2d 546, 550 (1959). Also, to properly challenge the Commission's finding in a petition for rehearing, the moving party must be specific as to where the Commission erred. *Id.*

¶ 17     In his petition for rehearing, Hirmiz presented two main issues. The first issue was an expansion of his original billing claim to a claim that covered all the months in the 2018 to 2019 billing year. The second claim was a new "trespassing" claim against Peoples Gas.

¶ 18     The Commission found that Hirmiz did not introduce any new evidence to establish errors in the 2018-2019 billing cycle. Further, Hirmiz failed to explain why he was unable to produce such evidence as required by the Commission's Rules. In regard to Hirmiz's trespass claim, the Commission found that it was not supported by any new or additional evidence, nor did Hirmiz offer an explanation as to why he failed to make the claim in his original complaint. In addition, the fact that Hirmiz testified himself that, after receiving his permission, representatives from Peoples Gas entered his home to check the gas meter while investigating the disputed bill, contradicts any newfound assertions to the contrary and defeats his claim. Therefore, as the Commission found, there is no evidence that would support a claim of trespassing and Hirmiz has not met his burden to justify disturbing the Commission's finding.

¶ 19     In addition, Hirmiz raises three additional claims on appeal that were not set forth in his petition for rehearing: (1) a "tampering" claim, (2) a claim that Peoples Gas violated the Illinois Consumer and Deceptive Business Practices Act, and (3) a claim for "contributory negligence." Hirmiz's attempt to raise these new claims for the first time on appeal is improper. See *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996) (arguments raised for the first time on appeal are forfeited). The Public Utilities Act states that, in an appeal, a person is not permitted to rely on any grounds that were not set forth in a petition for rehearing before the Commission. 220 ILCS 5/10-113(a) (West 2018). No new or additional evidence may be introduced for a claim not raised in a petition for rehearing and such a claim is deemed to be forfeited and is barred on appeal. 220 ILCS 5/10-201(d) (West 2018). Not only did Hirmiz fail to raise these three claims

in his petition for rehearing, forfeiting his right to raise these issues on appeal, but he also identifies no evidence in the record to contradict or call into question the Commission's findings. Hirmiz, as the party challenging the Commission's decision, failed to meet his burden to show that Peoples Gas incorrectly billed him after issuing the corrected bill in December 2018. See 220 ILCS 5/10-201 (West 2018).

¶ 20    In short, the evidence presented overwhelmingly supports the Commission's decision. None of the case law cited by Hirmiz demands a different conclusion. In consideration of the corrected gas bill, Hirmiz's failure to meet his burden of proof, and his failure to present any evidence that supports his new allegations, we conclude that Hirmiz is not entitled to the relief he seeks on appeal.

¶ 21                              CONCLUSION

¶ 22    Accordingly, we affirm.

¶ 23    Affirmed.