(No. 31440.—

THE ALTON RAILROAD COMPANY *et al.*, Appellees, *vs.* THE ILLINOIS COMMERCE COMMISSION *et al.*—(THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.)

*Opinion filed September 21, 1950—Rehearing denied Nov. 17, 1950.*

RICHARD O. OLSON, LEO P. DAY, and H. M. TOCCO, JR., all of Chicago, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM R. MING, JR., and MILTON MALLIN, of counsel,) for appellee Illinois Commerce Commission; LIVINGSTON, MURPHY & BARGER, of Bloomington, WINSTON, STRAWN, SHAW & BLACK, VERNON W. FOSTER, and JOSEPH H. WRIGHT, all of Chicago, (HERBERT M. LIVINGSTON, of Bloomington, and FRANK H. TOWNER, BRYCE L. HAMILTON, and JOSEPH F. GRINNELL, all of Chicago, of counsel,) for other appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

The New York Central Railroad Company appeals to this court from a judgment of the circuit court of McLean County affirming an order of the Illinois Commerce Commission entered on December 11, 1947, directing appellant to restore certain industries to its switching district in the city of Bloomington and fixing switching rates therein.

This cause has been before the commission for a number of years. Originally a complaint was filed before that body by the Bloomington Association of Commerce, Union Gas & Electric Company and Funk Brothers Seed Company, appellees here. Later, The Alton Railroad Company and Illinois Central Railroad Company, who are also appellees, intervened in the proceeding. The complaint charged that appellant, on August 1, 1933, by amendments to its tariffs on file with the commission, had eliminated from its switching district in the western section of Bloomington, certain industries, including the two named above. It was alleged that such action deprived them of the benefit of reasonable switching rates fixed for the entire district,

and it was prayed that appellant restore such industries to its switching district. On July 28, 1939, the commission, after hearings, entered an order restoring the industries to the district. This order was reversed on rehearing and on November 8, 1940, the commission entered an order which found the revision of appellant's switching district and its fixing of higher switching rates for the industries involved to be lawful, and dismissed the complaint. From this latter order an appeal was taken to the circuit court of McLean County, which court, on January 17, 1942, set aside the commission's final order and remanded the cause. This judgment was affirmed by this court in *Alton Railroad Co. v. Illinois Commerce Com.* 382 Ill. 478, where the facts relating to the litigation more fully appear.

Upon remandment to the commission from this court, no further pleadings were filed except a cross complaint by appellant which charged that The Alton Railroad Company had also excepted certain industries on its tracks from its switching district at Bloomington, to the detriment of appellant in its division of through freight rates. The cross complaint prayed that the Alton be required to include the enumerated industries in its switching district. Extensive hearings were again held and a large volume of testimony and exhibits placed into evidence for appellant's now-stated purpose of showing that the circuit court and this court had been misinformed and misled concerning the determinative facts on which the previous court decisions were based.

The commission entered an order October 2, 1945, requiring appellant to restore its switching district as originally established, thus including the complaining industries, and further to fix a connecting line switching rate of not to exceed 14 cents per ton, minimum $2.97 per car, maximum $5.45 per car, which was then the prevailing switching rate of all railroads in Bloomington. The cross complaint against the Alton was dismissed.

Appellant filed a petition for rehearing on said order, which was granted on November 10, 1945, following the commission's denial of appellees' motion to strike the petition on the ground that it had not been filed within the time provided by law. Later, on December 4, 1946, the commission vacated its order granting a rehearing and struck appellant's petition from the record. On January 16, 1947, it again reversed itself and reinstated, then granted, the petition for rehearing. New hearings were held at which both appellant and appellees presented further testimony and appellant introduced a series of exhibits. December 11, 1947, the commission entered the order which is the subject of this appeal. It incorporated the above-described order of October 2, 1945, by reference, but specifically modified it, first to enable appellant to take advantage of state-wide freight increases which had been granted subsequent to October 2, 1945, and, second, to extend the time within which appellant could file its new schedule of tariffs.

Appellant followed by again appealing to the circuit court of McLean County. In that court appellees filed a motion to dismiss, first, because no petition for rehearing had been filed with the commission to the order of December 11, 1947, and, second, asserting that the petition for rehearing filed to the order of October 2, 1945, upon which appellant relied as establishing his right to appeal, had not been filed within thirty days after the service of that order, as required by statute. The trial court denied the motion to dismiss the appeal but, as previously pointed out, affirmed the commission's order of December 11, 1947, on its merits. Appearing in behalf of the commission, the Attorney General has filed his separate brief in this court alleging that the court erred in not granting the motion to dismiss the appeal.

Before entering into the switching and rate controversies in this cause, we must first consider the question

of the trial court's jurisdiction to hear the appeal from the commission's last order. Appeals from orders of the Commerce Commission are purely statutory, and to become legally effective they must be prosecuted in accordance with the requirements of the statute. (*Brotherhood of Railroad Trainmen* v. *Elgin, Joliet and Eastern Railway Co.* 382 Ill. 55; *Village of Waynesville* v. *Pennsylvania Railroad Co.* 354 Ill. 318.) Section 67 of the Public Utilities Act, (Ill. Rev. Stat. 1947, chap. 111⅔, par. 71,) provides in part as follows: "No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and acted upon by the Commission. No person or corporation in any appeal shall urge or rely upon any grounds not set forth in such application for a rehearing before the Commission."

Appellant contends that the circuit court properly denied the motion to dismiss the appeal for the reason that it did file a petition for, and was granted, a rehearing by the commission as to its order of October 2, 1945, which it deems sufficient upon which to base this appeal in the light of further language of section 67 which provides that "Only one rehearing shall be granted by the Commission." Appellees insist that a petition for rehearing should have been filed to the order of December 11, 1947, as a condition precedent to the right of appellant to appeal from said order, for the reason that the order appealed from is a new and different order in that it was a modification of the earlier order; that it was entered after the parties had presented additional testimony and exhibits subsequent to the granting of a rehearing, resulting in a different record upon which the commission based its order of December 11, 1947. Further, they contend that appellant cannot rely upon its petition for rehearing filed as to the order of October 2, 1945, because it was not filed within

the statutory period. In the view we take of the issue, this latter contention need not be considered.

The determination of whether appellant should have filed a petition for rehearing as to the order of December 11, 1947, presents a question of the interpretation of section 67 of the Public Utilities Act not previously considered by this court. It has been held that the statutory requirement that a petition for rehearing be filed to an order of the commission precludes an appeal from the order until a rehearing is sought and acted upon, such rehearing being a step in the proceedings for review of the commission's rulings. (*People ex rel. Illinois Highway Transportation Co.* v. *Biggs,* 402 Ill. 401.) Where a party takes no action to have a review of a commission order by filing a petition for rehearing, there is no basis upon which the points he raises on appeal may be considered by the courts. (*Black Hawk Motor Transit Co.* v. *Illinois Commerce Com.* 398 Ill. 542.) Appellant insists that it filed a petition as to the October 2, 1945, order of the commission, that it was granted and acted upon, and that inasmuch as section 67 provides that only one rehearing may be granted, it has fulfilled the statutory requisites for appeal. In examining the record we note that the order of December 11, 1947, is not one refusing an application for rehearing, but is one which altered the commission's decision as to the merits of the cause, for, after hearing additional evidence, the commission granted appellant raises in freight rates which it had granted to other carriers, which raises the commission must have concluded resulted in a rate adequate for the appellant, when taken into consideration with the switching rates generally applied and used in Bloomington. This undoubtedly decides an issue entirely different from any raised concerning the rates which were in effect when the order of October 2, 1945, was entered and a petition for rehearing granted as to it. Since appellant filed no petitions as to the

1947 order, the record does not show whether it considers the higher rate fixed therein as adequate or inadequate. Much of appellant's brief, however, is devoted to argument concerning the inadequacy of the rates it can charge for switching.

The necessity of a new petition to place before the courts the issues raised by the 1947 order is further shown by the portion of section 67 which specifically provides that no one can urge or rely in any appeal upon grounds not set forth in an application for rehearing. It should be noted that this sentence was inserted in the statute by the 1935 legislature, showing an express intent that matters cannot be raised on appeal which the commission has not had an opportunity to reconsider and correct if necessary on a petition for rehearing. By the same token, the statute prevents the raising of issues on appeal to the courts which were not previously presented to the commission.

The evidence present in the record when the 1947 order was entered is different from that which existed when the commission entered its 1945 order. The orders themselves are substantially different. We find no case where the precise problem has arisen in this State, but in Missouri, where similar statutory provisions prevail, the Kansas City Court of Appeals, in construing their statute, said, in *State* v. *Public Service Commission*, 173 S.W. 2d 113: "The last order, in fact, differed from the first in that the cause was dismissed and no reference was made therein to 'without prejudice,' as was done in the first order; but if the language of the last order had been identical with that of the first, yet it was a new order and the circuit court was without jurisdiction to review it because no motion for rehearing had been filed before the Commission." We are of the opinion that it was necessary for appellant to file a petition as to the 1947 order as a condition precedent to its right to appeal.

Appellant's principal argument to justify its failure to file a petition for rehearing as to and after the 1947 order is based on the contention that section 67 contains a provision that only one rehearing shall be granted by the commission. This language appears at the close of the section and is apart from the previously quoted language of the same section requiring a petition for rehearing prior to an appeal from an order. The phrase relied upon by appellant, together with the language which immediately follows it, states: "Only one rehearing shall be granted by the commission; but this shall not be construed to prevent any party from filing a petition setting up a new and different state of facts after two years, and invoking the action of the Commission thereon." An analysis of this sentence in its entirety indicates that it is not the rehearing prior to an appeal that is referred to, but that the language refers to, and is intended to create, a limitation upon a party from twice, or more, attempting to get an alteration of a commission order within two years after its entry, and thereafter only on new and different facts. In the instant case, if the commission had denied the petition for rehearing as to the 1945 order, the petition filed would have been sufficient on which to predicate a timely appeal from that order. However, the petition was granted, a new hearing held and additional evidence admitted, and a different order entered at a later date. The portion of the statute relied upon by appellant has no application to a proceeding which is in the stage of the one before us.

For the reasons stated, we conclude that the circuit court of McLean County was without jurisdiction to entertain the appeal from the 1947 order, and was in error in not granting appellees' motion to dismiss. The cause is therefore remanded to the circuit court with directions to set aside its judgment herein and to dismiss the appeal.

*Reversed and remanded, with directions.*