(No. 32232.—▇▇▇▇▇▇

THE CITY OF EDWARDSVILLE, Appellant, *vs.* THE ILLINOIS COMMERCE COMMISSION *et al.,* Appellees.

*Opinion filed March 20, 1952.*

C. TERRY GUELTIG, Corporation Counsel, and JOHN G. MUDGE, City Attorney, both of Edwardsville, and ANTHONY W. DALY, of Alton, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (MILTON MALLIN, and HELEN W. MUNSERT, of counsel,) for appellee Illinois Commerce Commission; J. A. GORMAN, of St. Louis, Missouri, and BURROUGHS, SIMPSON & BURROUGHS, of Edwardsville, for appellee Illinois Terminal Railroad Company.

Mr. JUSTICE FULTON delivered the opinion of the court:

In October, 1949, the city of Edwardsville filed its petition with the Illinois Commerce Commission seeking an order requiring the installation by the Illinois Terminal Railroad Company of automatic flashing signals at the intersection of the company tracks with Franklin Avenue and Madison Avenue in said city. The railway company filed a cross petition praying that in the event the commission ordered such crossing protection, two other grade crossings in the city, at Lindenwood Street and Emerson Street, be closed to vehicular traffic.

After a hearing, at which testimony was taken, the commission on June 27, 1950, entered an order requiring the Illinois Terminal Railroad Company to install and maintain automatic flashing light signals at the Franklin and Madison street crossings; ordered the grade crossings at Lindenwood and Emerson streets closed and abolished, and ordered the railroad to barricade them so as to prevent the use of said street crossings by vehicular traffic.

The city filed an application for rehearing which was granted and a rehearing was had with no additional evidence offered. Briefs were filed by both parties and oral argument heard by the commission. On November 2, 1950, the commission entered its final order.

By this ruling the commission modified and expanded in some detail its previous order and directed the railroad company to acquire certain private property rights existing in the railroad's property at the Lindenwood and Emerson street crossings.

The city did not apply to the commission for a rehearing as to the new and final order entered on November 2, 1950, but on December 8, 1950, filed its notice of appeal to the circuit court of Madison County, whereupon both the commission and the railroad company moved to dismiss the appeal for the reason the city did not apply for a rehearing with respect to the new and final order of the commission

under date of November 2, 1950. The circuit court found that the order of the Illinois Commerce Commission of June 27, 1950, and the order of November 2, 1950, were two separate and distinct orders; that the latter order was the final order of the commission, and the one upon which an appeal is sought to be perfected; that under the terms of section 67 of the Public Utilities Act (Ill. Rev. Stat. 1951, chap. 111⅔, par. 71,) it is provided that, "No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and acted upon by the Commission;" that the city of Edwardsville failed to file its petition for rehearing from the final order of November 2, 1950, and accordingly the motion to dismiss the appeal was allowed.

This court had occasion to pass upon a similar situation in the case of *Alton Railroad Co.* v. *Commerce Com.* 407 Ill. 202. In that case we were called upon for an interpretation of section 67 of the Public Utilities Act, (par. 71,) and held that "the statutory requirement that a petition for rehearing be filed to an order of the commission precludes an appeal from the order until a rehearing is sought and acted upon, such rehearing being a step in the proceedings for review of the commission's rulings."

The appellant seeks to distinguish the ruling in that case from the appeal here under consideration. It insists that while the findings of fact were expanded in some details, the order of November was the same as the order of June with one minor addition in favor of the appellant —that the railroad company acquire any private property that may be involved. Further, that no ground is urged or relied upon in the appeal to the circuit court which is not set forth in the application for rehearing from the June order.

In the *Alton case* this court announced that "Appeals from orders of the Commerce Commission are purely stat-

utory, and to become legally effective they must be prosecuted in accordance with the requirements of the statute."

On application for rehearing from its final order, the commission has an opportunity to reconsider, change, modify, correct and to enter a different order if it deems such action necessary. We are of the opinion that the plain requirement of the statute that a petition for rehearing from a final order of the commission must be filed and passed upon by the commission before appeal cannot be by-passed or avoided.

The circuit court properly granted the motion to dismiss.

*Judgment affirmed.*