(No. 43013.—▮▮▮▮▮▮▮▮▮▮)

CENTRAL ILLINOIS LIGHT COMPANY *et al.*, Appellants, *vs.* ILLINOIS COMMERCE COMMISSION *et al.*—(ALTON AND SOUTHERN RAILROAD *et al.*, Appellees.)

*Opinion filed December 4, 1970.*

CULBERTSON and CREBS, JJ., took no part.

C. V. O'HERN, JR., of O'HERN, O'HERN & WOMBACHER, of Peoria, for appellants.

JOHN H. DOERINGER, of Chicago, and DAVID A. NICOLL and Ross E. CANTERBURY, both of WESTERVELT, JOHNSON, NICOLL & KELLER, of Peoria, for appellees.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Alton and Southern Railroad, together with 45 other railroads (hereinafter railroads) filed a petition with the Illinois Commerce Commission on August 26, 1968, requesting that the Commission permit an increase in Illinois intrastate rates. The Commission granted the petition and on May 23, 1969, a petition for rehearing and reconsideration was filed on behalf of four electrical utilities (Central Illinois Light Co., Central Illinois Public Service Co., Illinois Power Co., and Electrical Energy, Inc.). On June 4, the Commission granted the petition and set the matter for oral argument on June 25, which was later cancelled on its own motion. On August 6, the Commission reaffirmed the order of April 23, with certain changes and modifications. A petition for rehearing of that order was filed by the four electrical utilities and fourteen other interveners on September 4. The Commission denied the petition for rehearing on September 17, and a notice of appeal to the circuit court of Peoria County was filed on October 14. The railroads filed a motion to dismiss the appeal, contending that because the appellants had failed to file their notice of appeal within 30 days from the August 6 order, their notice of appeal was not timely. The circuit court of Peoria County allowed the motion to dismiss, and this direct appeal followed. The Illinois Commerce Commission did not join in the motion to dismiss nor did they participate in this appeal.

The sole question presented for review is whether the appellants filed their notice of appeal from the decision of the Illinois Commerce Commission within the time provided by law.

Section 68 of the Public Utilities Act (Ill. Rev. Stat. 1969, ch. 111⅔, par. 72) provides in part: "Within 30 days after the service of any order or decision of the Commission refusing an application for rehearing of any rule, regula-

tion, order or decision of the Commission, * * * any person or corporation affected by such rule, regulation, order or decision may appeal to the Circuit Court in the county in which the subject-matter of the hearing is situated * * * for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined." Section 67 of the Public Utilities Act (Ill. Rev. Stat. 1969, ch. 111⅔, par. 71) provides in part: "No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and duly disposed of by the Commission * * *. No person or corporation in any appeal shall urge or rely upon any ground not set forth in such application for a rehearing before the Commission" and further states "Only one rehearing shall be granted by the Commission * * *."

Appellants contend that their appeal is timely because they filed a notice of appeal within 30 days of the denial of the petition for rehearing in accord with the requirements of section 68, and that section 67 is not applicable. In *Alton Railroad* v. *Illinois Commerce Com.*, 407 Ill. 202, this court held that a petition for rehearing must be filed to an order of the Commerce Commission before an appeal may be considered by the courts. The court further held that where a rehearing is granted, a new hearing is held, and a new order is entered, an appeal may not be taken without a petition for rehearing on the second order. Here, rehearing was allowed on the original order, and the matter was set for oral argument, which orders were later cancelled by the Commission. In addition, the parties agree that the Commission did, pursuant to the first petition for rehearing, modify and change the original order. The railroads argue that the second order was merely a codification of the original order and that any changes were not substantial in

nature. This argument places the burden of predetermining whether changes are substantial on any person seeking review of an order. If it is determined the changes are not substantial, then a notice of appeal must be filed within 30 days. If it is determined that the changes are substantial, then according to *Alton* a second petition for rehearing must be filed or all grounds on appeal are waived. If the determination, according to the railroads' position, is incorrect, however, the entire appeal is forfeited. We can find no valid reason for placing an appellant in such a dilemma. In fact, while not raised by appellants, imposing such a burden might be a denial of procedural due process. The railroads have not been prejudiced by appellants' election of remedy and justice between the parties requires a finding that the filing of the second petition for rehearing was permissible.

The railroads cite *Scherer Freight Lines, Inc.* v. *Illinois Commerce Com.,* 24 Ill.2d 359 and *Continental Air Transport Co.* v. *Illinois Commerce Com.,* 38 Ill.2d 563, for the proposition that a petition for rehearing from a modified order is permissible only when the changes contained therein are of a substantial nature. However, *Scherer* requires only that a second petition for rehearing be filed before notice of appeal where the second order is entered after additional evidence is heard. And the court in *Continental* found that section 68 does not require a second petition for rehearing where the second order does not substantially modify the first order. Neither stands for the proposition that a second petition may not be filed where the modifications are not substantial.

It is the opinion of this court that the decision of the circuit court of Peoria County dismissing the appeal for failure to file the notice of appeal within the time specified by the Public Utilities Act was erroneous, for a petition for rehearing was filed from a modified order and a notice of appeal timely filed from the denial thereof. This cause is

therefore reversed and remanded with instructions to proceed in accordance with the aforementioned opinion.

*Reversed and remanded.*

CULBERTSON and CREBS, JJ., took no part in the consideration or decision of this case.