ONE WAY LIQUORS, INC., *et al.*, Plaintiffs-Appellees, *v.* JANE M. BYRNE, Local Liquor Control Commissioner of the City of Chicago, *et al.*, Defendants-Appellants.

First District (4th Division)    No. 81-571

Opinion filed April 1, 1982.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Cheryl L. Smalling, Assistant Corporation Counsel, of counsel), for appellants.

Dore & Clark, Ltd., of Chicago (Cornelius F. Dore, William G. Clark, Jr., and Ilene M. Davidson, of counsel), for appellees.

JUSTICE ROMITI delivered the opinion of the court:

The local liquor commissioner revoked plaintiffs' license after their president was convicted of grand theft. The circuit court reversed because the order contained no findings regarding plaintiffs' rehabilitation or lack of it. It also refused to dismiss plaintiffs' appeal although plaintiffs had failed to file a petition for rehearing before the license appeal com-

mission as required by law. We find that the circuit court erred in refusing to dismiss the appeal. Accordingly, we reverse the judgment of the circuit court.

Ahmad H. Yusuf, the president of One Way Liquors, Inc., and Yale Food & Liquor Inc. was convicted of grand theft on March 29, 1978, and sentenced to 30 months' probation. This fact is conceded by the plaintiffs. Informed of the conviction, the commissioner commenced proceedings on the charge that "on 31 March 1978, the president of the licensed corporation, Ahmad H. Yusuf, was convicted of grand theft before the Honorable Judge Cawley, and is therefore ineligible to hold a license, pursuant to chapter 43, §120(4), Ill. Rev. Stat. 1977."[1] Section 2(4) of article VI of the Liquor Control Act provides:

"No license of any kind issued by the State Commission or any local commission shall be issued to:

\* \* \*

(4) A person who has been convicted of a felony under any Federal or State law, if the Commission determines, after investigation, that such person has not been sufficiently rehabilitated to warrant the public trust; \* \* \*." Ill. Rev. Stat. 1977, ch. 43, par. 120(4).

Proceedings on the charge were repeatedly continued, at the request of plaintiffs, while Yusuf's conviction was being unsuccessfully appealed. The matter was finally heard on May 12, 1980. The city, as it had done at several previous hearings, introduced evidence of the conviction. For the first time, plaintiffs raised the issue that the city had failed to show there was an investigation and that Yusuf was not sufficiently rehabilitated to warrant the public trust. The hearing examiner indicated a belief that it was conclusively presumed the person was not rehabilitated until the sentence or period of probation was completed. In his order, he simply found Yusuf had been convicted of grand theft and therefore was ineligible to hold a license pursuant to section 2(4) of article VI of the Act (Ill. Rev. Stat. 1977, ch. 43, par. 120(4)).

---

[1] The commissioner proceeded under the wrong statute. Section 2(4) of article VI of the Liquor Control Act applies to the issuances of licenses. It does not purport to limit the power of the commissioner to revoke the license. This power is controlled by sections 1 and 3(1) of article IV, and section 5 of article VII of the Act. Under section 5 of article VII of the Act, a license may be revoked for violation of any provisions of the Liquor Control Act or for violation of any of the rules and regulations established by the local liquor control commissioner. Section 1 of article IV of the Act empowers local municipalities to enact ordinances as to revocation of licenses. As appellant points out in its brief, chapter 101, section 27 of the Municipal Code of the city of Chicago provides that the commissioner may suspend or revoke a license if the license has violated any of the statutes of the State. There is no requirement that the commissioner find the licensee not to be rehabilitated and it is established that the mayor may revoke the city-issued license of any licensee found to violate any State statute. S & F Corp. v. Daley (1978), 59 Ill. App. 3d 1024, 376 N.E.2d 699, appeal denied (1978), 71 Ill. 2d 615.

Appeal was taken to the license appeal commission of the city of Chicago, and a hearing was held. At that hearing the chairman also indicated the belief that, as a matter of law, a person is not rehabilitated until he finishes serving his sentence. In its order issued September 9, 1980, the commission affirmed the order, expressly finding that when it has been proven that the licensee is under the sentence of supervision of a court for violations of law, the city has sustained its burden regarding the issue of nonrehabilitation.

Although required to file a petition for rehearing by sections 8 and 8a of article VII of the Act, which provide in part:

> "Within 20 days after the service of any rule, regulation, order or decision of said commission upon any party to the proceeding, such party may apply for a rehearing in respect to any matters determined by said commission. If a rehearing is granted, the commission shall hold the rehearing and render a decision within 20 days from the filing of the application for rehearing with the secretary of the commission. The time for holding such rehearing and rendering a decision may be extended for a period not to exceed 30 days, for good cause shown, and by notice in writing to all parties of interest. No action for the judicial review of any decision of said commission shall be allowed unless the party commencing such action has first filed an application for a rehearing and the commission has acted upon said application. Only one rehearing may be granted by the commission on application of any one party" (Ill. Rev. Stat. 1977, ch. 43, par. 154),

plaintiffs did not file a motion for rehearing. Instead, on October 14, 1980, plaintiffs filed a complaint in the circuit court for judicial review. Defendants moved to dismiss the complaint because of plaintiffs' failure to file a petition for rehearing. At the hearing the circuit court stated that the commission had no jurisdiction to revoke the license unless it first determined Yusuf was not rehabilitated. It further stated that the order was so patently illegal that the commission's jurisdiction never came into play and the order could be attacked at any time despite time or other limitations in the statute. Accordingly, it was not necessary that plaintiffs exhaust their administrative remedies. The circuit court further held that it was reversing only because of the failure to make the proper finding and that because this was a matter of substance, it did not have the jurisdiction to remand the case to the commission. In its written order the circuit court found:

> 1. the orders of revocation contained no findings of fact regarding the lack of rehabilitation of plaintiff as required by statute.
>
> 2. the filing of a petition for rehearing before the license appeal commission would have been a useless act in that the orders of revocation were legally insufficient on their face.

The circuit court denied defendants' motion to dismiss and reversed the orders of revocation and ordered the commissioner to fully reinstate the plaintiffs' retail liquor licenses.

Since this court holds that the circuit court erred in denying defendants' motion to dismiss, it is unnecessary for us to determine either (1) the effect of defendants having proceeded under the wrong statute, the evidence being clearly sufficient to sustain revocation under the correct one and plaintiffs having ample notice that the commissioner was seeking to revoke the license because of the conviction or (2) whether the hearing examiner and the license appeal commission chairman were justified in stating there was a conclusive presumption plaintiffs' president was not rehabilitated.

■■ Appeals from orders of the commission are purely statutory and to be legally effective they must be prosecuted in accordance with the requirements of the statute. (*Scherer Freight Lines, Inc. v. Illinois Commerce Com.* (1962), 24 Ill. 2d 359, 181 N.E.2d 134; *City of Edwardsville v. Illinois Commerce Com.* (1952), 412 Ill. 34, 104 N.E.2d 283; *Alton R.R. Co. v. Illinois Commerce Com.* (1950), 407 Ill. 202, 95 N.E.2d 76.) It is well established that where, as here, the statute provides that no appeal shall be allowed unless the party has first filed an application for rehearing and the commission has acted on the application, the circuit court cannot consider a petition for review unless an application for rehearing has both been filed and acted upon. (*Scherer Freight Lines, Inc. v. Illinois Commerce Com.* (1962), 24 Ill. 2d 359, 181 N.E.2d 134; *City of Edwardsville v. Illinois Commerce Com.* (1952), 412 Ill. 34, 104 N.E.2d 283; *Alton R.R. Co. v. Illinois Commerce Com.* (1950), 407 Ill. 202, 95 N.E.2d 76; *Private Tele-Communications, Inc. v. Illinois Bell Telephone Co.* (1975), 31 Ill. App. 3d 887, 335 N.E.2d 110; also *Central Illinois Light Co. v. Illinois Commerce Com.* (1970), 47 Ill. 2d 257, 265 N.E.2d 154.) As the Illinois Supreme Court stated in *City of Edwardsville v. Illinois Commerce Com.* (1952), 412 Ill. 34, 36-37, 104 N.E.2d 284:

"This court had occasion to pass upon a similar situation in the case of *Alton Railroad Co. v. Commerce Com.* 407 Ill. 202. In that case we were called upon for an interpretation of section 67 of the Public Utilities Act, (par. 71,) and held that 'the statutory requirement that a petition for rehearing be filed to an order of the commission precludes an appeal from the order until a rehearing is sought and acted upon, such rehearing being a step in the proceedings for review of the commission's rulings.'

\* \* \*

On application for rehearing from its final order, the commission has an opportunity to reconsider, change, modify, correct and to enter a different order if it deems such action necessary. We are of

the opinion that the plain requirement of the statute that a petition for rehearing from a final order of the commission must be filed and passed upon by the commission before appeal cannot be by-passed or avoided."

Plaintiffs contend, and the trial court found, that they were not required, despite the clear statutory requirement, to exhaust their administrative remedies. Ordinarily a party involved in an administrative action must exhaust all available administrative remedies before seeking relief from the courts. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.) Exceptions to the exhaustion rule have been allowed where a statute, ordinance or rule is challenged as unconstitutional on its face, where multiple remedies exist before the same zoning board and at least one has been exhausted, where irreparable harm will result from further pursuit of administrative remedies, and where an administrative body's jurisdiction is attacked on its face on the ground it is not authorized by statute. (*Aliperto v. Department of Registration and Education* (1980), 90 Ill. App. 3d 985, 414 N.E.2d 117; *National Account Systems, Inc. v. Anderson* (1980), 82 Ill. App. 3d 233, 402 N.E.2d 656.) There has been no contention that any of the first three exceptions are applicable. However, the circuit court found that because no finding had been entered as to Yusuf's rehabilitation, the commissioner was without jurisdiction to enter a final order.

■■ The meaning of the word "jurisdiction" is limited in scope. It only applies to the authority to hear and decide the case and does not depend on the correctness of the decision made. (*People ex rel. Titzel v. Hill* (1931), 344 Ill. 246, 176 N.E. 360, and see *Landfill, Inc. v. Pollution Control Board* (1978), 74 Ill. 2d 541, 387 N.E.2d 258.) A body has jurisdiction to make a wrong as well as a right decision. (*Fiore v. City of Highland Park* (1968), 93 Ill. App. 2d 24, 235 N.E.2d 23, *appeal denied* (1968), 39 Ill. 2d 624, *cert. denied* (1969), 393 U.S. 1084, 21 L. Ed. 2d 776, 89 S. Ct. 867.) It is clear from the statutes already cited that the local liquor commissioner had jurisdiction to revoke the plaintiffs' licenses.

■■■ The failure of the liquor control commission to make findings of fact does not render the order void. (*Vavrys v. Illinois Liquor Control Com.* (1968), 92 Ill. App. 2d 451, 236 N.E.2d 241, *appeal denied* (1968), 39 Ill. 2d 627.) Indeed, it has been held that since the Liquor Control Act does not require the making of express findings (*Local Liquor Control Com. v. State Liquor Control Com.* (1978), 59 Ill. App. 3d 1, 374 N.E.2d 1298; *Vavrys*), the failure of the commission to make express findings does not require a reversal of its decision to revoke a liquor license. (*Vavrys.*) It is clear that the absence of express findings of fact by a commission as to the factors which the legislature commanded it to consider makes the basis of its decision questionable and weakens the

force of its determination. (*Maywood Park Trotting Association, Inc. v. Illinois Harness Racing Com.* (1959), 15 Ill. 2d 559, 155 N.E.2d 626.) And in *Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 329 N.E.2d 218, where the board of education failed to specify for which of the several charges brought against a teacher it was dismissing her, the Illinois Supreme Court held that a decision by an administrative agency must contain findings to make possible a judicial review of the agency's findings. It did not, however, hold the decision void. Rather it remanded the cause to the board for it to make proper findings so that judicial review would be possible. It can be concluded from *Reinhardt* and from *Kotrich v. County of Du Page* (1960), 19 Ill. 2d 181, 166 N.E.2d 601, *appeal dismissed* (1960), 364 U.S. 475, 5 L. Ed. 2d 221, 81 S. Ct. 243, cited in *Reinhardt*, that orderly and efficient review procedure under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*), may, under certain circumstances, require that the administrative agency make written findings, even though such are not specifically required by statute, but that the failure to make such findings, even if required for purposes of review, does not render the decision of the agency void for want of jurisdiction.

Indeed in this case, it would not seem that additional *findings* were necessary for orderly and efficient review. The commissioner expressly found that the license was revoked because of the conviction for grand theft. (This differs from *Reinhardt* where several charges, not one, had been brought against the teacher and the court could not determine for what reasons the teacher was dismissed and what evidence the board accepted or rejected.) It is also clear that the only evidence before the commissioner as to rehabilitation was the fact Yusuf was still on probation and that the commissioner believed this was sufficient. Thus the proper issue for review (had the statutory method for review been followed) would not have been an absence of findings but whether the commissioner's findings were supported by the evidence—assuming that in fact it was necessary to prove absence of rehabilitation; as already noted, under the correct statute and ordinance, such proof was not required.

■■ The plaintiffs contend that exhaustion of remedies was not required because it would have been patently futile to seek a rehearing, the license appeal commission having clearly defined its position. But the exhaustion requirement cannot be avoided simply because relief may be or even probably will be denied by the agency. (*Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 383 N.E.2d 964.) Certainly it cannot be avoided simply because, as the circuit court ruled, the order was legally insufficient on its face. Clear errors are first for the agency to correct, and only then for the courts to consider.

■■ To conclude, appeals from orders of a commission are purely statutory and to be legally effective they must be prosecuted in accor-

dance with the requirements of the statute. Since the plaintiffs failed to file a petition for rehearing, as required by statute, the circuit court erred in refusing to dismiss the complaint for administrative review. Accordingly, the cause is reversed and remanded to the circuit court with directions to set aside its judgment herein and to dismiss the appeal.

Reversed and remanded with directions.

JOHNSON, P. J., and JIGANTI, J., concur.