THE TAZEWELL COUNTY BOARD OF REVIEW, Plaintiff-Appellant, v. THE PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Third District    No. 3—00—0273

Opinion filed June 19, 2001.

Stewart Umholtz, State's Attorney, of Pekin (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), and David O. Edwards (argued), of Giffin, Winning, Cohen & Bodewes, P.C., of Springfield, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Brian F. Barov (argued), Assistant Attorney General, of counsel), for appellee Property Tax Appeal Board.

James W. Springer and Gary Schmidt, both of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellees Dennis Stoneburner and Christine Stoneburner.

Bruce W. Thiemann (argued), of Peoria, for other appellees.

JUSTICE LYTTON delivered the opinion of the court:

The taxpayers unsuccessfully appealed increases in their property tax assessments to the Board of Review (Board) and the Property Tax Appeal Board (PTAB). They sought administrative review in the circuit court, but settled the case prior to trial.

Some of these taxpayers then filed petitions with PTAB seeking to reduce their assessments for later years. The Board filed a motion to dismiss, arguing that they had not exhausted their administrative remedies. PTAB denied the motion, and the Board filed a complaint for writ of *mandamus* in the trial court. The taxpayers filed a motion to dismiss, which was granted. The Board appeals, and we affirm.

## FACTS

The Board increased the property tax assessments for 1994 and certain subsequent years of several new homes built in the Ville Lumiere subdivision in Tazewell County. The affected taxpayers unsuccessfully appealed these changes to the Board and PTAB. They then sought administrative review in the circuit court, but the parties entered into a settlement agreement prior to trial. In the settlement, the parties agreed on new assessments for the years in question. The settlement specifically stated that the new values were "a compromise of disputed litigation, and *** not deemed to be fair market value." The circuit court entered the settlement as an agreed order and remanded the cause to PTAB, ordering it to "render decisions lowering the assessments of the particular parcels pursuant to the settlement agreement of the parties to those assessments shown" on the agreement. The order also ordered PTAB to remand the cases to the Board, as well as to the county clerk and treasurer with directions to lower the assessments and to provide the taxpayers with the appropriate refunds.

Some of the taxpayers then filed new petitions directly to PTAB challenging their 1996 and 1997 assessments, which had not been included in the original settlement agreement. The Board filed a motion to dismiss these petitions, arguing that PTAB lacked jurisdiction because the taxpayers had not exhausted their administrative remedies by seeking relief from the Board and did not fall within the exception to this requirement in section 16—185 of the Property Tax Code (Code) (35 ILCS 200/16—185 (West 1998)). PTAB denied the motion, and the Board filed a complaint for writ of *mandamus* in the trial

court, seeking to prevent PTAB from exercising jurisdiction over the petitions. The taxpayers filed a motion to dismiss the Board's complaint, which was granted. The Board appeals the trial court's dismissal order.

## DISCUSSION

The Board argues that PTAB did not have jurisdiction over the taxpayers' petitions because they failed to exhaust their administrative remedies and did not fall into one of the statutory exceptions to this doctrine.

■ Paragraph 3 of section 16—185 of the Code permits taxpayers to appeal directly to PTAB when it "renders a decision lowering the assessment *** after the deadline for filing complaints with the board of review." 35 ILCS 200/16—185 (West 1998). The Board contends that PTAB lacked jurisdiction because it did not render a "decision lowering the assessment" within the meaning of this exception. It is undisputed that the assessments were reduced after the applicable deadline.

■ In reviewing the dismissal of a complaint for *mandamus*, this court must consider *de novo* whether the well-pleaded facts in the Board's complaint allege a clear right to relief, a clear duty for PTAB to act, and PTAB's clear authority to comply with the writ. *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133, 688 N.E.2d 81, 86 (1997). In this case, the only issue on appeal is the Board's right to relief.

■ The Board first asserts that the order was not based on "equity and the weight of the evidence" as required by the Code and merely adopted the assessment values in the parties' settlement agreement. However, this argument misses the point, since it addresses the sufficiency of the evidence supporting PTAB's decision rather than the agency's jurisdiction. We note that PTAB "has jurisdiction to make a wrong as well as a right decision." *One Way Liquors, Inc. v. Byrne*, 105 Ill. App. 3d 856, 861, 435 N.E.2d 144, 148 (1982).

The Board also contends that PTAB did not consider the merits of the taxpayers' appeal and violated its statutory duty to consider only the fair market value of the properties. The Board supports this argument by stating that PTAB previously rejected the taxpayers' claim that their assessments were improperly based on recent sale prices in the area while the assessments of comparable properties in other subdivisions were not similarly adjusted.

In *Walsh v. Property Tax Appeal Board*, 181 Ill. 2d 228, 235, 692 N.E.2d 260, 263 (1998), our supreme court held that assessing certain

properties based on their true fair cash value,[1] as evidenced by recent sales, while assessing like properties under a different method is an impermissible violation of the uniformity clause of the Illinois Constitution (Ill. Const. 1970, art. IX, § 4(a) (requiring that taxes be determined "uniformly by valu[e]")). The court refused to allow the adjustment of some assessments to meet the Code's requirement that they reflect fair cash value even though the assessment method that had been used since 1957 had resulted in many properties being assessed at amounts that were totally unrelated to that value. *Walsh*, 181 Ill. 2d at 234-35, 692 N.E.2d at 263.

Because *Walsh* was released after PTAB rejected the taxpayers' original uniformity argument, it was not considered in that case. However, PTAB's second decision is consistent with the uniformity clause of the Illinois Constitution as interpreted in *Walsh*. It is not contrary to the law of this state.

The Board next argues that public policy supports its position because upholding PTAB's reduction of the assessments in this case would discourage boards of review from entering into settlement agreements due to their uncertainty over the effect on assessments for later years.

This argument, however, is unpersuasive because its converse is also true. If taxpayers cannot rely on the statutory exception in section 16—185 of the Code, they may hesitate to enter into settlement agreements, knowing that new proceedings for subsequent assessments would require duplicating evidence and arguments already presented. This could also cause an unnecessary backlog of cases before both PTAB and local boards of review.

Finally, the Board claims that PTAB lacked authority to enter into a settlement agreement or to rely on that agreement. We disagree. PTAB did not enter into the settlement agreement in this case, nor is there any evidence that it relied solely on the assessments in that agreement. Moreover, the argument that PTAB relied on improper evidence in its decision attacks the order on its merits rather than on jurisdiction.

The Board's complaint for *mandamus* failed to clearly state a right to relief and thus was properly dismissed by the trial court. See *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133, 688 N.E.2d 81, 86 (1997).

---

[1]"Fair cash value is synonymous with fair market value ***." *Walsh*, 181 Ill. 2d at 230, 692 N.E.2d at 261.

## CONCLUSION

The judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HOLDRIDGE and McDADE, JJ., concur.