2021 IL App (1st) 200802-U
Order filed April 21, 2021
Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| ONE ELEVEN FOOD & LIQUOR, INC. and PERCELL SEARCY, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| CITY OF CHICAGO, a municipal corporation; CITY OF CHICAGO DEPARTMENT OF BUSINESS AFFAIRS AND CONSUMER PROTECTION; KHALED ELKHATIB, Commissioner and Hearing Officer for the City of Chicago Department of Business Affairs and Consumer Protection; CITY OF CHICAGO LICENSE APPEAL COMMISSION; DENNIS FLEMING, Chairman of the License Appeal Commission; THOMAS W. GIBBONS, Commissioner; CYNTHIA A. BERG, Commissioner; LORI LIGHTFOOT, Local Liquor Control Commissioner of the City of Chicago; SHANNON K. TROTTER, Mayor's Appointed Local Liquor Control Commissioner; and CITY OF CHICAGO POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 20 CH 319      Honorable Anna H. Demacopoulos, |
| Defendants-Appellees. | ) | Judge presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We affirm the circuit court's order dismissing plaintiffs' complaint for administrative review based on a lack of subject-matter jurisdiction where they failed to file a petition for rehearing with the License Appeal Commission before seeking judicial review and therefore did not exhaust their administrative remedies and none of the exceptions to the exhaustion requirement applied.

¶ 2   Plaintiffs Percell Searcy and One Eleven Food & Liquor, Inc., filed a complaint for administrative review in the circuit court after their liquor license was revoked by the Local Liquor Control Commissioner and upheld on appeal by the License Appeal Commission. On a motion to dismiss by defendants, a collection of Chicago liquor control commissioners and commissions, the circuit court dismissed plaintiffs' complaint because they failed to file a petition for rehearing with the License Appeal Commission and thus, failed to exhaust their administrative remedies and no exceptions to exhaustion requirement applied. Plaintiffs appealed, and on appeal, they contend that they did exhaust their administrative remedies, and even if they did not, two exceptions to the exhaustion requirement apply. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4   Searcy was the president of One Eleven Food & Liquor, Inc., a convenience store that sold food and liquor in Chicago. In 2015 and January 2016, multiple shooting incidents occurred in the convenience store and its parking lot, which caused the Superintendent of the Chicago Police Department to summarily close the store based on it being a public safety threat. In February 2016, the City of Chicago and plaintiffs agreed to a nuisance abatement plan that required plaintiffs to, among other things, modify their hours of operation, install fencing around the parking lot, install

and maintain better lighting on the premises, install a surveillance camera system, and hire private security guards for specific times. After the parties agreed to the nuisance abatement plan, the City allowed One Eleven to re-open.

¶ 5     Between August 2018 and November 2018, plaintiffs allegedly violated the plan, which caused the City to bring eight charges against them in the Local Liquor Control Commission. Following two days of testimony, a hearing commissioner concluded that the City proved all eight charges. The commissioner determined that plaintiffs' liability on four charges warranted the revocation of their liquor license and liability on the other four charges warranted fines. In finding revocation warranted on four of the charges, the hearing commissioner summarily concluded that it was the appropriate punishment "based on the totality of the circumstances." In July 2019, the Local Liquor Control Commissioner accordingly entered an order of revocation on the four charges and imposed fines on the other four charges.

¶ 6     Plaintiffs subsequently appealed to the License Appeal Commission, who affirmed the order of the Local Liquor Control Commissioner in December 2019. In its decision, the License Appeal Commission observed that the hearing commissioner did not identify or explain the "circumstances" that led to his finding that revocation was the appropriate punishment for four of the charges. To this end, the License Appeal Commission noted that, "[i]n a different scenario, this Commission would be able to remand this case" so the hearing commissioner "could address these concerns and better explain his rationale." However, the License Appeal Commission observed that it did not have the power to reduce a revocation to a suspension or remand the matter to the Local Liquor Control Commissioner to reconsider and reduce the discipline imposed. But because the record supported revocation and it could only reverse a punishment of revocation if such a

penalty was arbitrary and capricious, the License Appeal Commission affirmed the Local Liquor Control Commissioner's revocation order.

¶ 7     Two of the three commissioners of the License Appeal Commission wrote a special concurrence, in which they noted that the hearing commissioner "did not give any specific factual basis on which he determined [the] penalties were appropriate" but rather "used the general statement 'based on the totality of the circumstances.' " They further highlighted that no one from the City of Chicago had even requested revocation as a penalty. The commissioners observed that, if they were commissioners on the Illinois Liquor Control Commission, they would have remanded the matter back to the Local Liquor Control Commissioner to reduce the penalty from revocation or to supplement its factual findings, including specific findings as to why revocation of the liquor license was appropriate. Nevertheless, they concluded there was "substantial evidence" in the record to support the hearing commissioner's findings and noted that, if they had chosen to reverse the punishment of revocation, this "would mean a licensee would face no punishment for proven violations of the [Chicago] Municipal Code." As such, they "reluctantly affirm[ed]" the punishment of revocation, but they "encourage[d] the Licensee to appeal." At the end of the License Appeal Commission's decision, it stated:

> "Pursuant to Section 154 of the Illinois Liquor Control Act, a petition for rehearing
> may be filed with this Commission within TWENTY (20) days after service of this
> order. The date of the mailing of this order is deemed to be the date of service. If
> any party wishes to pursue an administrative review action in the Circuit Court, the
> petition for rehearing must be filed with this Commission within TWENTY (20)

days after service of this order as such petition is a jurisdictional prerequisite to the administrative review."[1]

¶ 8    Plaintiffs did not file a petition for rehearing. Instead, in January 2020, they filed a complaint for administrative review in the circuit court. In response, defendants filed a motion to dismiss under section 2-619(a)(1) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(1) (West 2020)), arguing that, because plaintiffs failed to file a petition for rehearing, they did not exhaust their administrative remedies and thus, the circuit court lacked subject-matter jurisdiction over the matter. The circuit court agreed that plaintiffs had failed to exhaust their administrative remedies and found that no exceptions to the exhaustion requirement applied. The court accordingly dismissed plaintiffs' complaint with prejudice. Thereafter, plaintiffs appealed.

¶ 9                                         II. ANALYSIS

¶ 10    Plaintiffs contend that they had exhausted their administrative remedies and thus, the circuit court improperly granted defendants' motion to dismiss.

¶ 11    A motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619(a) (West 2020)) admits the legal sufficiency of the complaint but asserts that certain external defects or defenses defeat the claims therein. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. One such defect is where "the court does not have jurisdiction of the subject matter of the action, provided the defect cannot be removed by a transfer of the case to a court having jurisdiction." 735 ILCS 5/2-619(a)(1) (West 2020). When reviewing a motion to dismiss, the circuit court must accept all well-pled facts in the complaint as true, as well as any reasonable inferences from those

---

[1] Despite the Liquor Control Act of 1934 having been renumbered, the License Appeal Commission still referenced section 154 of the statute—the old statutory citation—and not the current statutory citation of section 7-10 (235 ILCS 5/7-10 (West 2020)).

facts. *Sandholm*, 2012 IL 111443, ¶ 55. As well, the pleadings must be viewed in the light most favorable to the nonmoving party. *Id.* We review the court's grant of a motion to dismiss *de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29.

¶ 12                    A. Review Process Under the Liquor Control Act of 1934

¶ 13    Under the Liquor Control Act of 1934 (Liquor Control Act), the Local Liquor Control Commissioner may revoke a party's liquor license if he or she finds the party has violated the Liquor Control Act or a local ordinance. 235 ILCS 5/7-5 (West 2020). Indeed, failing to comply with a nuisance abatement plan can be grounds for revocation of a liquor license. See Chicago Municipal Code § 4-4-285(o) (amended Nov. 21, 2017) ("It shall be unlawful for any person to fail to comply with any nuisance abatement plan" and punishment "may include license suspension or revocation."). If the Local Liquor Control Commissioner revokes a party's liquor license, the licensee's recourse depends upon the size of the city, village, or municipality in which it operates. 235 ILCS 5/7-5 (West 2020).

¶ 14    In cities with 500,000 or more people, a licensee may appeal to the local License Appeal Commission, whereas in cities with under 500,000 people, a licensee may appeal to the Illinois Liquor Control Commission. *Id.* We may take judicial notice that Chicago is the only city in Illinois with a population of 500,000 people or more (see *Benchwarmers, Inc. v. Daley*, 294 Ill. App. 3d 385, 389 (1997)), and thus, the License Appeal Commission is unique to Chicago. Importantly, the powers on appeal of the License Appeal Commission are different than those of the Illinois Liquor Control Commission. 235 ILCS 5/7-5 (West 2020). While the License Appeal Commission may only "render a decision sustaining or reversing" an order of the Local Liquor Control Commissioner, the Illinois Liquor Control Commission may render a "decision sustaining, reversing or modifying" an order of the Local Liquor Control Commissioner. *Id.*

¶ 15    When a licensee's appeal is before the License Appeal Commission, the commission is limited to three questions on review: (1) "whether the local liquor control commissioner has proceeded in the manner provided by law;" (2) "whether the order is supported by the findings;" and (3) "whether the findings are supported by substantial evidence in the light of the whole record." 235 ILCS 5/7-9 (West 2020). If a licensee loses its appeal before the License Appeal Commission, its next step, according to the Liquor Control Act, is to file a petition for rehearing with the License Appeal Commission within 20 days of service of the decision on appeal. 235 ILCS 5/7-10 (West 2020). Thereafter, a party may seek judicial review of the decision by the Local Liquor Control Commissioner. 235 ILCS 5/7-9, 7-11 (West 2020). However, the Liquor Control Act conditions judicial review upon the filing of the petition for rehearing with the License Appeal Commission: "No action for the judicial review of any decision of said commission shall be allowed unless the party commencing such action has first filed an application for a rehearing and the commission has acted upon said application." 235 ILCS 5/7-10 (West 2020).

¶ 16                                B. Administrative Review

¶ 17    The Illinois Constitution allows the circuit court to review administrative actions only "as provided by law." Ill. Const. 1970, art. VI, § 9. When the circuit court reviews an administrative decision, it exercises " 'special statutory jurisdiction' " which " 'is limited to the language of the act conferring it and the court has no powers from any other source.' " *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County*, 218 Ill. 2d 175, 181-82 (2006) (quoting *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 29 (2000); *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985)). To this end, when a party seeks to invoke this special statutory jurisdiction of the circuit court, it "must strictly comply with the procedures prescribed by statute." *Id.* at 182. Section 7-11 of the Liquor

Control Act provides the circuit court its special statutory jurisdiction to review administrative decisions in accordance with the Administrative Review Law. See 235 ILCS 5/7-11 (West 2020). Where the Administrative Review Law has been adopted, no other equitable, common-law or statutory remedy is available to review an administrative agency's decision. *Goral v. Dart*, 2020 IL 125085, ¶ 34.

¶ 18    Under the Administrative Review law, "[u]nless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3-102 (West 2020). Furthermore, "[i]f under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of *** petition for hearing *** within the time allowed by such Act, such decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." *Id.* Our supreme court has determined that a "petition for hearing" is essentially the same as a petition for rehearing. See *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 320 (1989) ("[A]n application for rehearing is so close in nature to a 'petition for hearing or application for administrative review' that distinguishing section 3-102's scope on such grounds is niggling.").

¶ 19    The Administrative Review Law's prescriptions codify the well-established common-law doctrine of exhaustion of administrative remedies. *Goral*, 2020 IL 125085, ¶ 37. The "doctrine provides that a party aggrieved by an administrative decision ordinarily cannot seek judicial review without first pursuing all available administrative remedies." *Id.* This doctrine serves two key purposes. *Id.* ¶ 38. First, it allows the administrative agency the opportunity to correct its own

errors about "the programs it administers." *Id.* And second, the doctrine "promotes efficiency, in that claims generally can be resolved much more quickly and economically in proceedings before an agency." *Id.*

¶ 20                                C. The Instant Case

¶ 21    We have previously addressed the exhaustion doctrine with respect to the interplay between the Liquor Control Act and a party's failure to file a petition for rehearing with the License Appeal Commission. In *One Way Liquors, Inc. v. Byrne*, 105 Ill. App. 3d 856, 857-59 (1982), the Local Liquor Control Commissioner revoked the liquor license of two liquor stores because the president of the stores had been convicted of grand theft, a decision that was affirmed on appeal to the License Appeal Commission. Rather than file a petition for rehearing, as was required by the Liquor Control Act, the president and his liquor stores filed a complaint for administrative review in the circuit court. *Id.* at 859. The defendants moved to dismiss the complaint based on the plaintiffs' failure to file the petition for rehearing. *Id.* The circuit court denied the motion to dismiss, finding various errors occurred below that obviated the plaintiffs' need to exhaust their administrative remedies. *Id.* at 859-60.

¶ 22    On appeal, this court observed that "[a]ppeals from orders of the commission are purely statutory and to be legally effective they must be prosecuted in accordance with the requirements of the statute." *Id.* at 860. We then noted that "[i]t is well established that where, as here, the statute provides that no appeal shall be allowed unless the party has first filed an application for rehearing and the commission has acted on the application, the circuit court cannot consider a petition for review unless an application for rehearing has both been filed and acted upon." *Id.* Because the plaintiffs did not file the petition for rehearing, this court concluded that the circuit court had no jurisdiction to review their complaint for administrative review and therefore erred by denying the

defendants' motion to dismiss. *Id.* at 863. We accordingly reversed the circuit court's order and remanded the matter with directions to grant the motion and dismiss the complaint. *Id.*

¶ 23 As in *One Way Liquors*, the present case involves plaintiffs, who have been aggrieved by an administrative decision, that did not abide by the directives of section 7-10 of the Liquor Control Act. Once the Local Liquor Control Commissioner revoked plaintiffs' liquor license, they appealed to the License Appeal Commission, who affirmed the order of the Local Liquor Control Commissioner. Although the next step, according to the Liquor Control Act, was to file a petition for rehearing with the License Appeal Commission (see 235 ILCS 5/7-10 (West 2020)), plaintiffs failed to heed this statutory directive. Plaintiffs did not even need to consult the Liquor Control Act to know of this procedural requirement, as the written decision from the License Appeal Commission expressly informed them to file a petition for rehearing with the License Appeal Commission if they wanted to pursue administrative review in the circuit court. Because plaintiffs failed to file a petition for rehearing in the License Appeal Commission, as required by the Liquor Control Act, they did not exhaust their administrative remedies. See *One Way Liquors*, 105 Ill. App. 3d at 863.

¶ 24 Plaintiffs, however, highlight multiple portions of section 7-10 of the Liquor Control Act and posit that they were not required to file a petition for rehearing with the License Appeal Commission before pursuing judicial review and thus had properly exhausted their administrative remedies. First, plaintiffs assert that the Liquor Control Act allows only one rehearing for a party and argue that the one rehearing occurred when the License Appeal Commission reviewed the revocation order of the Local Liquor Control Commissioner. It is true that section 7-10 states: "Only one rehearing may be granted by the commission on application of any one party." 235 ILCS 5/7-10 (West 2020). However, the rehearing referred to in this section is a rehearing of the

License Appeal Commission's decision itself to affirm or reverse the order of the Local Liquor Control Commissioner, not the initial appeal to the License Appeal Commission from the order from the Local Liquor Control Commissioner. See *El Sauz, Inc. v. Daley*, 328 Ill. App. 3d 508, 514-15 (2002); *One Way Liquors*, 105 Ill. App. 3d at 863.

¶ 25     Plaintiffs also argue that filing a petition for rehearing itself is permissive, not mandatory, by virtue of section 7-10 using the word "may" and thus, they did not need to file the petition for rehearing in order to seek judicial review. See 235 ILCS 5/7-10 (West 2020) ("Within 20 days after the service of any *** decision ***, such party *may* apply for a rehearing in respect to any matters determined by said commission.") (Emphasis added.) Generally, the use of the word "may" in a statute denotes a "discretionary, not mandatory" reading. *People v. One 1998 GMC*, 2011 IL 110236, ¶ 16. However, contrary to plaintiffs' argument, it does not follow that, merely because filing a petition for rehearing is permissive, the filing of one cannot also be a prerequisite to exhaust one's administrative remedies. The language of section 7-10 of the Liquor Control Act could not be clearer that: "No action for the judicial review of any decision of said commission shall be allowed unless the party commencing such action has first filed an application for a rehearing and the commission has acted upon said application." 235 ILCS 5/7-10 (West 2020).

¶ 26     Additionally, plaintiffs highlight *Danison v. Paley*, 41 Ill. App. 3d 1033 (1976), to support their argument that filing a petition for rehearing was not required to exhaust their administrative remedies. In *Danison*, the appellate court held that, based on the language of section 1 of the Administrative Review Law (Ill. Rev. Stat. 1973, ch. 110, sec. 264), a party could obtain judicial review of an administrative agency's decision without filing an application for rehearing. *Danison*, 41 Ill. App. 3d at 1036-37. Subsequently, the appellate court in *City of Springfield v. Carter*, 184 Ill. App. 3d 1 (1989) heavily relied upon and followed the *Danison* decision. However, later that

year, both of these cases were overruled by our supreme court in *Castaneda*, 132 Ill. 2d 304, with our supreme court noting that the *Carter* court (which itself relied on reasoning from *Danison*) had misinterpreted the Administrative Review Law. Consequently, plaintiffs' reliance on *Danison* is unpersuasive. And therefore, filing a petition for rehearing was required for plaintiffs to exhaust their administrative remedies and seek judicial review. See *One Way Liquors*, 105 Ill. App. 3d at 862-63.

¶ 27    Nevertheless, plaintiffs argue that, even if they failed to exhaust their administrative remedies, two exceptions to the exhaustion doctrine apply. "Although the exhaustion doctrine is firmly established and strict compliance with the doctrine is generally required, there are several exceptions that are also equally well established." *Goral*, 2020 IL 125085, ¶ 41. First, plaintiffs posit that the License Appeal Commission lacked jurisdiction to act. Attacking an agency's jurisdiction is an exception to the exhaustion requirement. See *id.* Jurisdiction in this context refers to three different parts: (1) personal jurisdiction over the parties in the proceedings, (2) subject-matter jurisdiction over the type of case pending and (3) the agency's statutory scope of authority. *Id.* In other words, the jurisdiction of an administrative agency refers to its authority to hear and decide a particular matter. See *Nestle USA, Inc. v. Dunlap*, 365 Ill. App. 3d 727, 734 (2006).

¶ 28    In this case, in light of sections 7-5 and 7-9 of the Liquor Control Act (235 ILCS 5/7-5, 7-9 (West 2020)), the License Appeal Commission plainly had jurisdiction over the parties, jurisdiction to hear the content of plaintiffs' appeal from the Local Liquor Control Commissioner's revocation order and the statutory authority to affirm that order. Still, plaintiffs highlight various portions of the License Appeal Commission's decision, including the special concurrence, where the commission noted that it did not have the power to reduce the punishment of revocation, observed it could only affirm the decision or reverse it outright, and encouraged plaintiffs to

appeal. These comments merely reflect the reality of the License Appeal Commission's powers on appeal (see *id.*), but they do not implicate its jurisdiction over the parties, its jurisdiction to hear the content of plaintiffs' appeal from the Local Liquor Control Commissioner's revocation order or its statutory authority to affirm that order. Consequently, the jurisdictional exception to the exhaustion requirement does not apply in this case.

¶ 29    Second, plaintiffs argue that filing a petition for rehearing with the License Appeal Commission would have been futile. Exhausting one's administrative remedies is also not required "where it is patently futile to seek relief before the agency." *Castaneda*, 132 Ill. 2d at 309. For example, if an administrative agency has demonstrated its bias or has already shown the issue before it is predetermined, exhaustion "is pointless." *Goral v. Dart*, 2019 IL App (1st) 181646, ¶ 65 *aff'd*, 2020 IL 125085. "[I]f the agency or agency head has already publicly stated the outcome, the litigant has demonstrated the futility of going through a kangaroo hearing." *Id.* ¶ 66.

¶ 30    However, filing a petition for rehearing with the License Appeal Commission would not have been futile. It is true that, in the License Appeal Commission's decision, it asserted that it did not have the power to reduce a revocation to a suspension or remand the matter to the Local Liquor Control Commissioner to reconsider and reduce the discipline imposed. And the License Appeal Commission did observe that, under different circumstances, such as being commissioners of the Illinois Liquor Control Commission, it could have remanded the case or modified the punishment. These statements merely reflect the reality of the License Appeal Commission's powers on appeal compared to that of the Illinois Liquor Control Commission. As previously discussed, while the License Appeal Commission may only "render a decision *sustaining* or *reversing*" the order of the Local Liquor Control Commissioner, the Illinois Liquor Control Commission may render a "decision sustaining, reversing or *modifying*" the order of the Local Liquor Control Commissioner.

(Emphasis added.) 235 ILCS 5/7-5 (West 2020). Although these statements from the License Appeal Commission may indicate that outright reversal would be unlikely upon plaintiffs' filing of a petition for rehearing, these statements do not imply that outright affirmance would be guaranteed. "[T]he fact that there are clear indications that the agency may or will rule adversely is generally inadequate to terminate the administrative process or to avoid the exhaustion requirement." *Castaneda*, 132 Ill. 2d at 328.

¶ 31 Indeed, plaintiffs could have filed a petition for rehearing and attempted to re-argue how revocation as a punishment should be reversed in its entirety based on any number of reasons. Although the License Appeal Commission found sufficient evidence supporting that punishment by the Local Liquor Control Commissioner, nothing about its decision demonstrated that a rehearing would have been pointless. "The exhaustion requirement cannot be avoided simply because relief may be, or even probably will be, denied." *Northwestern University v. City of Evanston*, 74 Ill. 2d 80, 89 (1978). Furthermore, this exact same argument was raised in *One Way Liquors*, 105 Ill. App. 3d at 862, where the plaintiffs argued that they did not need to exhaust their administrative remedies because "it would have been patently futile to seek a rehearing, the license appeal commission having clearly defined its position." This court held that, while relief may or probably would have been denied upon the filing of a petition for rehearing, "[c]lear errors are first for the agency to correct, and only then for the courts to consider." *Id.* Consequently, the futility exception to the exhaustion requirement does not apply in this case.

¶ 32 Having concluded that plaintiffs failed to exhaust their administrative remedies and the two exceptions to the exhaustion requirement raised by them do not apply, their failure to file a petition for rehearing prevented the circuit court from obtaining subject-matter jurisdiction over the matter. Consequently, the circuit court properly dismissed plaintiffs' lawsuit for a lack of subject-matter

jurisdiction. See *Dumas v. Pappas*, 2014 IL App (1st) 121966, ¶ 19 (affirming the dismissal of the plaintiffs' lawsuit for a lack of subject-matter jurisdiction where they failed to exhaust their administrative remedies).

¶ 33                                   III. CONCLUSION

¶ 34     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 35     Affirmed.